# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 95-468C<br>(Judge Thomas C. Wheeler) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant, the United States, respectfully submits its opposition to the motion of plaintiff, Astoria Federal Savings and Loan Association ("Astoria"), for reconsideration of the Court's order, dated June 22, 2006 ("June 22 order"), granting our motion to compel plaintiff's production of documents filed on March 21, 2005.

### I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT DEMONSTRATES NO MISTAKE OF FACT OR LAW IN THE COURT'S DECISION, AND NO MANIFEST INJUSTICE CAN RESULT FROM "HAVING TO PRODUCE RECORDS THAT IT SHOULD HAVE PRODUCED AT THE OUTSET"

A motion for reconsideration pursuant to Rule 59 of the Rules of the Court of Federal Claims "should be based upon manifest error of law or mistake of fact," and is not "intended to give an unhappy litigant one additional chance to sway the judge." Weaver-Bailey Contractors, Inc. v. United States, 20 Cl. Ct. 158, 158 (1990) (quoting Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D.Va.1977)). "When addressing such a motion, the court is directed 'to consider motions for rehearing [or reconsideration] with exceptional care.'" Seldovia Native Ass'n, Inc. v. United States, 36 Fed. Cl. 593, 594 (quoting Carter v. United States, 207 Ct. Cl. 316, 318, 518 F.2d 1199 (1975)), aff'd, 144 F.3d 769 (1998); see also Fru-Con Constr. Corp. v. United States, 44

Fed. Cl. 298, 300 (1999). Indeed, reconsideration is permitted only for one of three reasons: "(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003); see also Board of Tr. of Bay Med. Center v. Humana Military Healthcare Servs., Inc., 447 F.3d 1370, 1377 (Fed. Cir. 2006); Rice Services, Ltd., v. United States, 59 Fed. Cl. 619, 620 (2004).

In its motion for reconsideration, Astoria cannot demonstrate any intervening change in the controlling law with regard to the requirements that parties must fully comply with timely document production requests. Similarly, it cannot point to any new evidence that has become available that would affect its requirements to produce documents in response to our timely document requests. In fact, in its motion for reconsideration, Astoria does not even try to meet the requirements of Rule 59. It makes no reference to the standard of review governing a motion for reconsideration, completely ignoring any reference to Rule 59, while dispensing altogether with the notion that it need demonstrate an error of law or mistake of fact.[1] Nor does Astoria show that its motion for reconsideration must be granted to correct "a manifest injustice" that would result from its production of its board minutes that it should have produced years ago.

---

[1] The only incorrect "fact" referenced in Astoria's motion is a typographical error in the June 22 order at 2, in which the Court characterized plaintiff's argument that our motion was untimely because it came four-and-a-half months after the close of discovery rather than four-and-a-half years after the close of discovery. This typographical error does not concern an incorrect fact, but rather an incorrect description of plaintiff's argument. The Court clearly understood that we "filed [our] motion to compel after the close of discovery," and there is no indication that the Court relied upon this specific information in ordering that plaintiff "produce records that it should have produced at the outset." Id.

Indeed, as this Court correctly recognized, "there is no apparent prejudice to Plaintiff from having to produce records that it should have produced at the outset." June 22 order at 2.

Rather than attempting to satisfy any of the three grounds for reconsideration, Astoria merely reiterates the arguments it had asserted in its earlier briefing. As this Court has instructed, however, post-opinion motions to reconsider are not favored, especially "where a party has had a fair opportunity to . . . litigate the point in issue." Prestex, Inc. v. United States, 4 Cl. Ct. 317, 318 (1984), aff'd, 746 F.2d 1489 (Fed. Cir. 1984) (citing Gen. Elec. Co. v. United States, 189 Ct. Cl. 116, 416 F.2d 1320, 1321 (1969)).

First, Astoria requests that the Court reconsider its June 22 order because Astoria previously objected to our document request. Pl. Mot. for Reconsideration at 1-2. But, Astoria made this same argument in its opposition to our motion to compel. Pl. Reply to Def. Mot. for Production of Documents at 5. Second, Astoria argues that our motion to compel is untimely. Pl. Mot. for Reconsideration at 2-3. It made this argument, too, in its opposition to our motion to compel. Pl. Reply to Def. Mot. for Production of Documents at 5-7. Third, it claims that it would be prejudiced by the document production because the production would be tantamount to a second round of discovery, and that granting our motion to compel would be unfair given the Court's prior holding that we did not need to respond to Astoria's untimely requests for admissions. Pl. Mot. for Reconsideration at 3-6. These arguments were also set forth in its opposition. Pl. Reply to Def. Mot. for Production of Documents at 5-6. In short, Astoria presented no argument in its motion for reconsideration that was not previously set forth in its opposition to our motion to compel.

Therefore, Astoria's motion for reconsideration should be rejected by this Court because it has not made the requisite showings of: "1) an intervening change in controlling law; 2) the availability of new evidence; [or] 3) the need to correct clear error or manifest injustice." Board of Tr. of Bay Med. Center, 447 F.3d at 1377 (quoting Summit Med. Center of Alabama, Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). Instead, it has merely reiterated the argument previously made in its opposition to our motion to compel, a tactic that this Court has repeatedly rejected. See Weaver-Bailey, 20 Cl. Ct. at 158; Fru-Con Constr., 44 Fed. Cl. at 300; Seldovia, 36 Fed. Cl. at 594.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED FOR THE REASONS SET FORTH IN THIS COURT'S PRIOR ORDERS

If the Court decides to reach the merits of plaintiff's repeat contentions, it should again reject them. Astoria fully briefed its claim that its requests for admissions were not untimely and this Court rejected that argument more than four years ago. Astoria's claim should be denied for the reasons set forth in the Court's order dated December 30, 2002 ("December 30 order") (attached to Pl. Mot. for Reconsideration as Exhibit 3).

Astoria's claim that this Court's ruling "would create a palpable double standard," Pl. Mot. for Reconsideration at 4, is incorrect. This Court has applied the discovery rules in an even-handed manner. Those rules require plaintiff's full compliance with timely and proper discovery requests, and, as this Court held in 2002, they bar plaintiff's untimely, irrelevant, and improper discovery requests. As a result, Astoria's suggestion that there should be a *quid pro quo* put into place by the Court – whereby Astoria fully responds to our timely and proper

document requests only if we respond to its untimely and improper discovery requests – should be rejected by this Court.

### A. **This Court Already Has Rejected Astoria's Request That Discovery Be <u>Reopened In Order To Accommodate Its Untimely Requests For Admissions</u>**

This Court issued an order denying Astoria's request that we respond to two sets of requests for admissions, one filed on July 28, 2000 (twenty-six days before the conclusion of discovery), and the other on August 22, 2000 (just *one day* before the conclusion of discovery). December 30 order at 1. As this Court explained, "[t]he requests address the authenticity and admissibility of government documents concerning the acquisition of Suburbia Federal Savings as well as the decision-making process of government agencies that approved the relevant transactions at issue in this matter." <u>Id.</u> The Court set forth three reasons for denying Astoria's request, all of which remain are applicable today.

First, the Court recognized that Astoria's discovery requests were untimely, given that answers from the Government were not due for forty-five days from the date of service, in accordance with the Procedural Order No. 2, which established the discovery conventions for <u>Winstar</u>-related cases. <u>Id.</u> at 1-2. The Court invoked an order dated March 5, 2001, issued by the Discovery Judge responsible for resolving discovery issues in the <u>Winstar</u>-related cases, in which the Court held that "discovery deadlines are absolute unless the parties agree to an extension." <u>Id.</u> at 4 (citing March 5 order, attached as Exhibit 1 to Pl. Reply to Our Mot. to Compel).

Second, the Court held that Astoria's requests for admissions were inappropriate and redundant "insofar as the requests address the authenticity and admissibility of government documents concerning the acquisition of Suburbia Federal Savings." <u>Id.</u> at 4. The Court

reasoned that, because all documents in the Winstar-related cases are presumed to be authentic if properly numbered pursuant to the applicable Master Protective Order, Astoria's requests seeking admissions concerning authenticity were improper:

> Astoria's requests for admissions would be contrary to the court's order with respect to any challenge to the authenticity of government documents. Consequently, it is inappropriate at this juncture to order the government to respond to Astoria's requests for admission with regard to the authenticity of government documents.

Id. at 4-5. The Court further held that, because the admissibility of documents into evidence is within the province of the trial judge, "the admissibility of government documents into evidence is not a decision that the government should make through responses to requests for admission." Id. at 5.

Third, the Court held that, with respect to plaintiff's requests for admissions concerning the decision-making process of the Government agencies that approved the acquisition at issue, if it needed such information for deciding the parties pending motions with respect to liability, it would order the submission of such information from the appropriate source. Id. The Court never requested that information; undoubtedly in no small part because we conceded liability, making the requested information unnecessary, as it remains.

**B. Our Motion To Compel Did Not Violate The Court Rules Or Orders**

Neither this Court's Rules nor any of the orders governing this case set a deadline for motions to compel. Rather, as the Court explained in Cabot v. United States, 35 Fed. Cl. 80, 81 (1996): "Rule 37 does not specify any period of time within which a motion for sanctions or a motion to compel must be filed." Accordingly, in First Fed. Sav. Bank of Hegewisch v. United

States, 55 Fed. Cl. 263, 270 (2003), the Court granted our motion to compel the production of plaintiff's board minutes, even though the motion to compel had been filed two years after the close of fact discovery. Likewise, in Marriott Int'l Resorts, L.P. v. United States, 61 Fed. Cl. 411 (2004), amended, 63 Fed. Cl. 144 (2004), rev'd on other grounds, 437 F.3d 1302 (Fed. Cir. 2006), the Court granted a motion to compel tax documents after the discovery cut-off; the Court found that, because "[n]o deadlines have yet been established . . . for the filing of motions to compel," and because "[a]ny hardship [in producing] is minimal," there was no reason to withhold the documents. Id. at 415. Compare Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 584 (Fed. Cl. 2000) (applying a deadline for motions to compel that had been included in the scheduling order at the parties' request). Here, where there was no deadline for the filing of motions to compel, this Court correctly evaluated the merits of our motion and enforced the established discovery rules.

### C. Astoria's Compliance With Pre-Existing Discovery Obligations Cannot Constitute Prejudice

In its motion for reconsideration, Astoria argued, as it did in opposition to our motion to compel, that producing its board minutes would be prejudicial to it because this production would constitute "a second round of discovery." Pl. Mot. for Reconsideration at 4 ("The prejudice to Astoria occurs because granting this motion would allow the Department a second round of discovery."); Pl. Reply to Def. Mot. for Production of Documents at 6 ("it would be manifestly unfair to allow the Department to re-open document discovery"). The premise to Astoria's argument is fundamentally flawed, ignoring the very purpose of Rule 26(e) of the Rules of the Court of Federal Claims. We do not seek to re-open discovery, as Astoria does. Rather,

we seek Astoria's full compliance with the discovery obligations that were properly placed upon it during the discovery period, to which it partially responded, and that remain in place pursuant to Rule 26(e). See Def. Mot. to Compel (March 21, 2005) at 4; Def. Reply (April 18, 2005) at 6. The end of fact discovery did not relieve Astoria of its obligation, once informed of its incomplete production, to supplement its response.

In its order compelling Astoria's production of documents, this Court recognized that Astoria's obligations to produce the requested board minutes arise from a *pre-existing* production obligation: "[T]here is no apparent prejudice to Plaintiff from having to produce records that it should have produced at the outset." June 22 order at 2. The Court's determination was correct.

### D. Our Document Request Was Timely, The Request Pertained To Relevant Information Connected With Plaintiff's Damage Theories, And The Interests Of Justice Are Served By Plaintiff's Production

In addition to finding that plaintiff would not be prejudiced by production of its board minutes, the Court correctly determined that our timely document requests were relevant and that the interests of justice are served by Astoria's production of documents. June 22 order at 2. As we stated in our briefs in support of our motion to compel, Astoria's board minutes may provide useful information concerning several matters relevant to the damage issues remaining in this case. See Def. Mot. to Compel at 6 (stating that the board minutes may provide information concerning Astoria's "investment policies and actions during the immediate post-FIRREA period," and "may be probative of Astoria's position with respect to leverage, interest risk tolerance, valuation of goodwill, investment policies, and the state of various relevant markets (e.g., mortgage-backed securities, residential, capital) in the post-acquisition period;" see also Def. Reply at 7 (explaining that the information is "relevant to whether the assumptions in

Astoria's expert damage models, such as how Astoria would Astoria would have invested any foregone assets and at what leverage ratio, are reasonable"). Tellingly, in its motion for reconsideration, Astoria claims no prejudice with respect to the information contained in the board minutes, and it makes no claim that the Court should reconsider its decision on the basis of the relevancy of the documents. See Pl. Mot. for Reconsideration at 4 (asserting that, even if, in its opinion, the information will not likely be useful in analyzing plaintiff's lost profits projections, "that fact alone does not constitute the prejudice to Astoria").

### E. Producing Board Minutes Is Not Burdensome

Astoria makes no claim in its motion for reconsideration that the act of producing its board minutes would be burdensome. This follows, of course, from the fact that it has had continuing obligations with respect to a number of regulatory agencies to maintain the records of its board meetings.

## III. THIS COURT SHOULD REJECT PLAINTIFF'S SUGGESTION THAT THE COURT RECONSIDER ITS ORDER AND REQUIRE THAT, IN EXCHANGE FOR COMPLYING WITH ITS DISCOVERY OBLIGATIONS, WE BE REQUIRED TO RESPOND TO ASTORIA'S UNTIMELY REQUESTS FOR ADMISSIONS

In its order of July 31, 2006, the Court requested that we "address Plaintiff's suggestion that, if any discovery is to occur after the close of the discovery deadline, Defendant should be required to respond to Plaintiff's requests for admissions." The Court also stated that we "should indicate whether it has any objection to Plaintiff's requests for admissions, other than the fact that the discovery deadline has passed." Id.

As noted above, the premise to plaintiff's "double standard" argument is that discovery was reopened by the Court's grant of our motion to compel. That is not the case. The Court's

order merely compels Astoria to comply with pre-existing and continuing obligations to produce documents, which it only partially satisfied, and which it (and all parties) continue to face pursuant to Rule 26. Thus, equating (in a manner of a horse-trade), our request for plaintiff's compliance with its pre-existing document production obligations, which continue for all litigants pursuant to Rule 26(e), with plaintiff's request that we respond to what this Court has determined are untimely and improper requests for admissions, constitutes a fundamental error.

Moreover, apart from disagreeing with the premise of plaintiff's suggestion of an "exchange" of discovery, we object to plaintiff's requests for admissions, both because its requests were untimely – with one set filed just the day before the end of the discovery period – and because the requests are redundant, moot, irrelevant, burdensome and, in many instances, vague.

## A. This Court Should Not Now Disregard The Untimeliness Of Plaintiff's Requests For Admissions

As noted above, this Court held, on December 30, 2002, that plaintiff's requests for admissions were untimely. This holding should not be disregarded now.

The Court rejected Astoria's claim that requests for admissions are not discovery and therefore not subject to the discovery deadlines. The Court explained that both the Court's Rules, and Procedural Order No. 2, the Discovery Plan governing this case, view requests for admissions as discovery. December 30 order at 3. The Court then held that Astoria's requests for admissions were untimely because an answer would have been due after the discovery deadline. Id. at 4 (citing March 5 order).

The Court's holding was proper and correct, and consistent with relevant case law. See Jarvis v. Wal-Mart Stores, Inc., 161 F.R.D. 337, 339 (N.D. Miss. 1995) (requests for admissions not timely where filed two days before expiration of discovery deadline); Brodeur v. Brodeur, Nos. 3:02-CV-823 et al., 2005 WL 1774033 *3 (N.D.N.Y. July 27, 2005) (requests for admissions subject to case management discovery deadlines and must be served sufficiently in advance to permit timely responses before the designated discovery deadline); Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 220-21 (D.D.C. 2001) (finding that the Magistrate committed no error by protecting defendant from requests for admissions served "a matter of days before the discovery deadline," which the Court referred to as "sharp practice"); Epling v. UCB Films, Inc., Nos. CIV.A. 98-4226-SAC et al., 2000 WL 1466216 *24 (D. Kan. Aug. 7, 2000) (requests for admissions are a form of discovery and subject to discovery cut-off); see also Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 764 (8th Cir. 1995) (affirming enforcement of discovery deadline against interrogatories served on the day before discovery was to have been completed).

In accord with these authorities, this Court should not disregard the obligations of parties to have served their discovery requests in a timely manner during the discovery period.

Furthermore, in considering Astoria's motion for reconsideration, it is important to note that Astoria never filed a motion for reconsideration of the December 30 order. Instead, it is seeking a reversal of that decision in the context of filing a motion to reconsider a different order.

**B. As This Court Held, Winstar Litigants Need Not Respond To Requests Addressing The Authenticity and Admissibility Of Documents**

The Court rejected as inappropriate and redundant Astoria's requests for admissions that addressed the authenticity and admissibility of government documents upon the grounds that all documents in the Winstar-related cases are presumed to be authentic if properly numbered pursuant to the applicable Master Protective Order.[2] December 30 order at 4-5. The Court explained that the December 7, 1999 Master Stipulation and Order Concerning Authenticity of Documents, Draft Expert Reports, Videotaping of Depositions, Exhibit List, Order of Trial Witnesses, and Production of Demonstrative Exhibits, attached as Exhibit 3 to Pl. Reply to Our Mot. to Compel, covers authenticity issues, and leaves to the trial judge the power to determine the admissibility of documents. Id. In deference to the authority of the trial judge, the Court properly declined to order us to respond to requests for admissions relating to the admissibility. Id. at 5.

**C. Plaintiff's Requests Addressing Contract Formation Issues Are Moot Because The Parties Have Stipulated To The Existence Of A Contract And The Breach Of That Contract**

While the December 30 order declined to compel us to respond to plaintiff's requests for admissions concerning the Government's decision-making process,[3] the Court explained that it would order the submission of such information if necessary to decide the pending summary judgment motions with respect to liability. Id. The Court never requested that information, undoubtedly because we conceded liability, making the requested information unnecessary, just

---

[2] See Request for Admissions 1-4.

[3] See Request for Admissions 11-33; Second Request for Admissions 1-13, 16-19.

as it is now. Here, where liability and a breach have been conceded, there is no reason for the Court to reverse its prior determination. See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 606 (7th Cir. 2002).

### D. We Should Not Have To Respond To Plaintiff's Requests Concerning Its Restitution And Reliance Claims Which Are Invalid As A Matter Of Binding Law

Just as this Court previously determined that it would only seek information concerning the Government's decision making process if it believed the information was "necessary for the disposition of the matter and it has not been proffered by either party," December 30 order at 5, the same reasoning applies to Astoria's untimely requests for admissions concerning restitution and reliance. Because plaintiff's restitution and reliance claims are barred as a matter of binding precedent issued by the Federal Circuit, the information sought by Astoria is irrelevant as a matter of law.

#### 1. Our Responses Cannot Affect This Court's Analysis Of Plaintiff's Restitution And Reliance Claims

The Federal Circuit has repeatedly held that restitution and reliance claims, such as those asserted by Astoria here, based upon net liabilities assumed or liquidation costs avoided by the Government, are barred as a matter of law. See Granite Mgmt. Corp. v. United States, 416 F.3d 1373, 1380 (Fed. Cir. 2005)(reliance); Cal. Fed. Bank, FSB v. United States, 245 F.3d 1342, 1351-52 (Fed. Cir. 2001)(restitution); Glendale Fed. Bank, FSB v. United States, 239 F.3d 1374, 1381-82 (Fed. Cir. 2001)(restitution).

Plaintiff's requests for admissions that correspond to the restitution and reliance damage claims cannot offer any information necessary for this Court's resolution of those damage

claims.[4] Thus, the requests are moot and unduly burdensome given that they concern matters that must be resolved against plaintiff as a matter of law.

**2. Briefing Concerning Plaintiff's Restitution And Reliance Claims Concluded More Than A Year Ago**

At the March 1, 2005 status conference, the Court acknowledged that our motion for summary judgment upon damages had been fully briefed, Tr. 3, and subsequently held oral argument on July 21, 2005. Plaintiff's six-year old requests for admissions are stale, having been superceded by both the developing caselaw and the damages briefs.

**E. We Should Not Have To Respond To Plaintiff's Requests That Are Duplicative Of Assertions Already Filed By The Parties In The Briefing That Has Occurred Since Plaintiff Served Us With Its Requests For Admissions**

Astoria's September 12, 2003 motion and memorandum in opposition to our motion for summary judgment upon damages addresses many of the same issues as its untimely requests for admissions. Since the damages summary judgment motion is fully briefed, there is nothing to be gained by requiring us to respond to Astoria's untimely requests at this time.

For example, certain of Astoria's requests for admissions were resolved based upon proposed findings of fact and responses filed during summary judgment briefing. For instance, Astoria's Request for Admission 36 with Astoria's Response to our Proposed Findings of Uncontroverted Fact. Astoria's Request for Admission 36 states: "Astoria submitted a Capital Restoration Plan to the Office of Thrift Supervision ("OTS") on January 3, 1990, which Plan described how Fidelity intended to achieve the capital requirements of FIRREA." In support of our motion for summary judgment upon damages, we proposed 133 findings of uncontroverted

[4] See Request for Admissions 11, 13, 14, 23, 24, 34-42; Second Request for Admissions 4, 20-21.

fact. Astoria did not contest number 86 which states, "In January 1990, Fidelity submitted a Capital Plan for approval by regulators. See Fidelity Capital Compliance Plan (Jan. 1990)("Capital Plan"), DA96." Also, Astoria also did not contest number 88, which states: "The Capital Plan was intended to show how Fidelity would regain capital compliance." Thus, at this juncture, requiring responses to Astoria's stale requests for admissions would not streamline and expedite the presentation of evidence at trial, as Astoria claims in its Mot. for Recons. at 4-5.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for reconsideration and order plaintiff to produce the requested documents within seven days of the date of the denial of plaintiff's motion.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

/s/ William F. Ryan

WILLIAM F. RYAN
Assistant Director

/s/ John H. Roberson by /s/ John J. Todor

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

OF COUNSEL:
ARLENE PIANKO GRONER
JOHN J. TODOR

August 9, 2006

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2006, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION"" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson by /s/ John J. Todor

John H. Roberson by John J. Todor