# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 95-468C |
| | ) | (Judge Thomas C. Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR CLARIFICATION OF THE COURT'S OPINION AND ORDER DATED AUGUST 22, 2006

Defendant, the United States, respectfully submits this motion for clarification of the Court's opinion and order dated August 22, 2006. We seek clarification of the Court's ruling with respect to the cost of replacement damage claims that were withdrawn by plaintiff, Astoria Federal Savings and Loan Association ("Astoria").

As the Court noted in its opinion, Astoria has withdrawn its claim for the cost of replacement capital. See Opinion and order (Aug. 22, 2006) at 5 n.4; Pl. Supp. Br. in Opp'n to Def. Mot. for Summ. J. (June 5, 2005) at 2 ("While Astoria continues to believe that [a hypothetical cost of replacement capital] is a reasonable means of calculating damages, it is clear that the Federal Circuit feels otherwise. Since the holdings of the Federal Circuit are binding on this Court, Astoria does not, absent some change in the applicable law, propose to proceed with its damage claim for cost of replacement capital."). As this Court recognized, plaintiff acknowledged that its claim was foreclosed by the decision of the Court of Appeals for the Federal Circuit in Fifth Third Bank of Western Ohio v. United States, 402 F.3d 1221, 1237 (Fed. Cir. 2005). Opinion and order (Aug. 22, 2006) at 5 n.4.

Plaintiff's decision to withdraw its cost of replacement capital claim came at the close of supplemental briefing on our motion for summary judgment with respect to damages. During the oral argument that followed the supplemental briefing, we asked that the Court formally dispose of plaintiff's cost of replacement capital claim.[1] Given the Court's recognition of plaintiff's withdrawal of its cost of replacement capital claim, dismissal of the claim is warranted.

---

[1] See Hearing Tr. (July 21, 2005) at 5:21 - 6 :22:

> MR. ROBERSON: I'm not going to address Plaintiffs' cost of hypothetical replacement of capital claim, because they have now abandoned that claim and, indeed, the Federal Circuit's decision in Fifth Third bars any such claim.
>
> We would ask, however, for an order from the Court dismissing any such claim so that this issue is formally foreclosed from reappearing in the case.
>
> THE COURT: Actually, if I can get a clarification from the Plaintiff, I was under the impression that they weren't so much abandoning the claim as conceding that under the Federal Circuit's precedence, the claim is no good. So they would possibly want to raise it on appeal or higher –
>
> MR. EISENHART: I think that's a more accurate statement of our position, Your Honor. I would obviously respectfully disagree with the Federal Circuit that it's binding on this Court so I don't think there's any point in discussing it at this time.
>
> MR. ROBERSON: Right, and we are asking for an order, it would be an order dismissing that claim, so that then it would be appealable.
>
> THE COURT: Certainly.
>
> MR. ROBERSON: But so we don't go into trial and halfway through find out that we're getting a cost replacement claim [] getting folded into the proceedings.

We request clarification concerning the status of plaintiff's withdrawn cost of replacement capital claim, in part, because the Court, at page eight of its opinion and order issued on August 22, 2006, appears to indicate, contrary to the statement at footnote four of the opinion and order, that the resolution of plaintiff's replacement of capital claim is yet to be determined on evidence presented at trial:

> On the 'wounded bank' claims, Defendant again contends that they are based on speculation and unreasonable assumptions, while Plaintiff vigorously asserts that Dr. Kaplan's assumptions are reasonable. The outcome of these claims must be determined on the evidence presented at trial. *The same is true for Plaintiff's cost of goodwill replacement, contained in a model presented by another expert, Dr. Christopher James.* The Court must evaluate the testimony, and assess the theories and assumptions of the expert witnesses before reaching a conclusion on the facts.

Opinion and order (Aug. 22, 2006) at 8 (emphasis added).

Given plaintiff's withdrawal of its cost of replacement capital claim, the Court's recognition of that withdrawal in its opinion and order, our prior request that this claim be formally rejected, and the binding precedent of the Federal Circuit's opinion in Fifth Third, 402 F.3d at 1237, we respectfully request that the Court clarify its order by removing the sentence on page eight of its opinion and order highlighted above, which appears to suggest that plaintiff can attempt to prove a cost of replacement capital claim at trial. We further request, as we did during oral argument, that the Court clarify the status of plaintiff's withdrawn cost of replacement claim by granting our motion for summary judgment with respect to that claim.

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

/s/ William F. Ryan

WILLIAM F. RYAN
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

OF COUNSEL:
ARLENE PIANKO GRONER
JOHN J. TODOR
BRIAN A. MIZOGUCHI

August 23, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR CLARIFICATION OF THE COURT'S OPINION AND ORDER DATED AUGUST 22, 2006" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson