**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff, | ) | |
| v. | ) | No. 95-468C (Judge Thomas C. Wheeler) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S AGENDA FOR THE PRE-TRIAL CONFERENCE**

Pursuant to this Court's order, dated August 25, 2006, defendant, the United States, respectfully submits the following proposed agenda for the status conference scheduled for September 7, 2006.

**The Length of the Trial**

Given the breadth of the damage claims being presented by plaintiff, we propose that the Court schedule a five-week trial. We do not believe, as plaintiff has suggested to us, that a six-week trial is necessary or should be scheduled. Since 2003, Winstar-related trials have averaged approximately three weeks.

**Allocation of Trial Time**

We propose that the parties be given an equal number of hours to present their case and conduct cross-examinations. We further propose, as has occurred in other Winstar-related cases, that the Court's clerk keep time for both parties. We propose that questions by the Court not count against either party's time, and that opening statements and closing arguments, as well as

any arguments with respect to motions upon partial findings (Rule 52(c)) not be included within the time limit.[1]

We oppose rebuttal cases, with the exception of rebuttal for matters that could not have been anticipated. If rebuttal and surrebuttal are permitted, however, we propose that the time spent on these portions of the trial should count against the total hourly allocation per side.

**Scheduling of the Trial Dates**

Plaintiff's counsel has suggested to us that trial be held in March, April, or May 2007. We do not oppose that suggestion generally, but, due to already-planned expert and attorney commitments (specifically between March 26, 2007 and April 13, 2007), we suggest a February 20, 2007,[2] start date for a five week trial. Plaintiff has indicated that its current preference is to begin the trial in May 2007. We believe that trial preparations can be completed before then and note that, if trial were to commence in May 2007, accommodations may be needed with respect to the appearance of at least two of our witnesses, our experts Dr. Carron, and Mr. Rochester, who are unavailable on several days during that month. We alternatively propose that trial be broken into two time periods. For example, it may be possible to begin the trial in March, break before the last week in that month and then resume trial during the last week of April. (During the Long Island trial and the trial in Granite Management Corp. v. United States, No. 95-515C, for example, the Court employed similar breaks in the trial schedules).

---

[1] Assuming, for example, that the Court allows for 6.5 hours of trial time each day, (calculated with trial commencing at 9:00 a.m. each day and concluding at 5:00 p.m., with an hour lunch break and two 15 minute breaks), and that opening arguments total 2.5 hours, there would be 80 hours for each side to present its case over the five week period.

[2] A five-week trial that began on February 20, 2007, would conclude on March 27, 2007.

Regardless of the dates of trial, we propose that a firm date be established for the start of defendant's case-in-chief. Specifically, we propose that, given a five-week trial, defendant's start date be set for the 14th day after the trial begins, which is approximately one-and-a-half days past the mid-point of a 25-day trial. Setting a firm date will facilitate the scheduling of, and minimize the inconvenience to, the witnesses to be presented in defendant's case-in-chief, most of whom will be traveling to Washington, D.C. to testify.

**<u>Scheduling Pre-Trial Activities</u>**

We propose the following pre-trial schedule, which follows the general framework set forth in Appendix A of the Rules of the Court of Federal Claims. Given the uncertainty as to the actual trial date, the proposed schedule below is calculated "back in time" from a hypothetical trial date.

| **Date** | **Description** |
|---|---|
| Trial Begins - Day X. | Start of five-week trial. |
| One business day before trial | Access given to the parties to set up electronic media and document libraries. |
| One week before X | Final pre-trial conference. |
| Three weeks before X | Filing of any replies to motions to exclude witnesses or exhibits.<br>Filing of any replies to motions *in limine*. |
| Four weeks before X | Filing of any responses to motions to exclude witnesses or exhibits.<br>Filing of responses to motions *in limine*.<br>Filing of responses to *de benne esse* deposition transcripts. |

| | |
|---|---|
| Six weeks before X | Filing of any objections to witnesses or exhibits that can be made in advance of trial.<br>Filing of motions *in limine*.<br>Filing of *de benne esse* deposition transcripts. |
| Eight weeks before X | Defendant files its responsive memorandum, final witness list, and final exhibit list, as required by paragraphs 14(b), 15, and 16 of Appendix A of the Rules of the Court of Federal Claims ("Appendix A"). |
| Twelve weeks before X | Astoria files its Memorandum of Contentions of Fact and Law, final witness list, and final exhibit list, as required by paragraphs 14(a), 15, and 16 of Appendix A. |
| 15 weeks before X | Parties file joint certification as required pursuant to Appendix A. |
| 16 weeks before X | Parties confer and make the exchanges required by paragraph 13 of Appendix A. |
| 20 weeks before X | Parties disclose any deceased witnesses or witnesses that are medically incapacitated and unable to testify at trial. |

**The Use of Technology at Trial**

We request that the Court's technology courtroom (Courtroom Four) be reserved for trial. Experience in other Winstar-related cases has demonstrated that the technology used during trials has functioned better in this courtroom. We intend to utilize real-time transcript service. Assuming that plaintiff intends to utilize this service as well, we suggest that the parties agree to share expenses for the Court's real-time feed, if the Court wants one. We further propose that the parties be provided access to the courtroom one day prior to the commencement of trial to allow the parties sufficient time to set up the computers and related technologies. Furthermore,

we propose that the parties be provided access the first business day following the trial to remove these items from the courtroom.

**Court Reporter**

We propose that the Court request that Heritage Reporting provide a court reporter experienced in real-time court reporting and familiar with the Winstar-related cases to ensure the accuracy of the transcript of the proceedings.

**Court Permission to Subpoena Witnesses**

Pursuant to RCFC 45(b)(2), permission of the Court must be sought if witnesses are located more than 100 miles from the trial site. We propose that the Court grant the parties this authority now with respect to witnesses previously identified in writing by the parties who will be called for the upcoming trial.

**The Parties Acceptance of Subpoenas for Their Witnesses**

We propose that each party accept subpoenas for the witnesses whom they will represent at trial.

**Disclosure Deadline for the Order of Witnesses**

We propose that a seven calendar day deadline be ordered for the disclosure of witnesses for the coming week (which shall be defined to begin on a Monday (or the first business day if Monday is a legal holiday) and the order in which they will testify. See Master Stipulation (Dec. 7, 1999) at Section F.

**Disclosure Deadline for Demonstrative and Summary Exhibits**

We propose that each side provide the other, via hand delivery, two copies of each demonstrative or summary exhibit, and by e-mail, a pdf file of each demonstrative or summary

exhibit, no later than 72 hours prior to the direct examination of a witness utilizing such exhibits. See Master Stipulation (Dec. 7, 1999). If a demonstrative exhibit is served after business hours, it may be served by facsimile rather than hand delivery, but the party must hand deliver two copies of the demonstrative the following morning. Demonstratives to be utilized during the parties' opening arguments should be provided 24 hours in advance of the argument. The following are not demonstratives for the purpose of this proposal: copies of pages from exhibits or proposed exhibits, and copies of trial transcripts. This prior-disclosure rule would also not apply to demonstratives and summary exhibits utilized in cross-examination of witnesses.

**Invocation of Rule 615**

We intend to invoke Rule 615 of the Federal Rules of Evidence. Thus, other than a single designated officer or employee of Astoria, no other fact witness should be permitted to hear the testimony of other witnesses. We propose, however, that experts be permitted to hear all testimony.

**Defendant's Cross and Direct Examination of Plaintiff's Witnesses**

As an accommodation to witnesses called by plaintiff during its direct case, we propose that defendant be permitted to pursue direct examination of these witnesses (who may be represented by either plaintiff or defendant) during our cross-examination, without precluding us from filing a Rule 52(c) motion for judgment on partial findings. That is, we propose that we be permitted to go beyond the scope of plaintiff's examination of these witnesses without prejudice to us, so that these witnesses do not have to re-appear to testify during our case-in-chief in order to avoid the opening of our case-in-chief.

**Introduction of Exhibits and Calling of Witnesses**

We propose that each party be permitted to introduce into evidence exhibits from the other party's exhibit list. In order to save time introducing documents, we propose that the parties be permitted (but not be required) to provide witnesses and the Court with a binder or binders of documents that are intended to be addressed with that witness.

We further propose that documents be moved into evidence at the end of the testimony of the relevant witness and that, at the end of each trial day, the Court review the admitted documents with the parties to ensure that the parties are apprised of the admitted documents, and can correct any oversights with respect to the introduction of documents into the record.

We also propose that each party be permitted to call as a witness any person identified as persons with knowledge in the parties' prior written witness disclosures.

**Exhibits**

We propose that exhibits to be utilized at trial be marked with a PX (plaintiff) or DX (defendant). We further propose that each party be required to provide opposing counsel with copies of all exhibits used with each witness at trial. Where there are duplicate exhibits on plaintiff's and defendant's exhibit list, we propose to remove all duplicates from our DX list and use the PX exhibits.

We also propose that neither party need provide a synopsis or statement of significance for its exhibits, as required by RCFC Appendix A, unless that party intends to introduce more than 1,000 exhibits.

**The Court's Policy With Respect to the Admission of Documentary Evidence**

We propose that the Court address its policy concerning the extent of its admission of documentary evidence into the record. For example, some judges consider a document admitted into the record in its entirety if any part of it is discussed; other judges consider as admitted into the record only those portions of a document that are actually discussed at trial. We propose the former, so that, for example, the parties do not struggle to put into the record through testimony every relevant piece of information found within voluminous documents (e.g., 10K's, Reports of examination). However, we also propose that only those documents actually discussed by a witness be admitted into evidence, so as to avoid any reliance by the parties on matters not addressed at trial in post trial and any appellate proceedings.

**Authenticity of Documents**

Pursuant to the Court's Master Stipulation and Order dated December 7, 1999, we propose that all documents (other than handwritten notes) produced in discovery by any party are presumed to be authentic, so long as the document bears an identification number pursuant to the Master Protective Order. We further propose that the parties be permitted to challenge this presumption, however, with respect to a particular document for good cause shown. We propose that any such challenge be required to be made no later than the date of the final pre-trial conference (approximately one week before the start of trial). Handwritten notes include documents that are entirely handwritten and handwritten marginalia on typed or printed documents. Handwritten notes may be authenticated at trial in any manner permitted by the Federal Rules of Evidence.

We further propose that, if a witness listed in any party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall, as the case may be, that witness to testify concerning the factual foundation relating to the admissibility of any document. Further, in the event that the admissibility of a document cannot be supported or negated by a witness listed in either party's witness list, we propose that either party may call individuals not previously listed as witnesses for the sole purpose of establishing admissibility.

**Disclosure of Attendees**

We anticipate that the following attorneys or litigation support personnel will attend the conference: Arlene Pianko Groner, Elizabeth M. Hosford, John H. Roberson, John J. Todor, and Robert F. Russell.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

/s/ William F. Ryan

WILLIAM F. RYAN
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

September 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September 2006, a copy of the foregoing "DEFENDANT'S AGENDA FOR THE PRE-TRIAL CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson