# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant | ) | No. 95-468C<br>(Judge Thomas C. Wheeler) |

## PLAINTIFF'S PROPOSED PRETRIAL CONFERENCE AGENDA

Plaintiff Astoria Federal Savings and Loan Association submits the following agenda for the Pretrial (Scheduling) Conference on Thursday, September 7, 2006 at 10:00 AM. Plaintiff attempted to reach agreement with the Department of Justice, which agreement would have resulted in a portion of this proposed agenda being submitted jointly by the parties. However, no agreement was reached, so the parties are submitting separate agendas.[1]

## I. DATE AND ESTIMATED LENGTH OF TRIAL

Astoria presently estimates that this will be a five to six week trial. Because of August vacations and the Labor Day weekend, counsel for Astoria has not yet been able to contact many of its prospective witnesses. However, Astoria presently believes it will be in a position to commence trial in mid-March 2007, and it suggests that trial commence on Monday, March 19, 2007.

---

[1] Where Astoria refers in this Agenda to a "proposal" by the Department, it makes reference to a proposed agenda put forth informally by the Department to Astoria in a letter dated August 30, 2006. The Proposed Agenda the Department submits to the Court today may make different proposals, and Astoria accordingly reserves its right to respond to those at Thursday's conference.

The Department has said it has scheduling problems, the details of which it has not disclosed, that would prevent it from starting the trial in March. It has indicated it would prefer instead to start the trial a month earlier, on February 20, 2007. Astoria cannot agree to that date because of the volume of preparation that will be required to prepare the Astoria's case-in-chief for trial. Discovery in this case took place more than six years ago, and both counsel and prospective witnesses will need time to re-acquaint themselves with the case and do all of the things necessary to bring the case to trial.

## II. SCHEDULE OF PRETRIAL EVENTS

Astoria proposes the following schedule of pretrial activities. These are based on a March 19 trial date, but they can obviously be modified to accommodate any other trial date the Court and the Parties select.[2]

January 5, 2007 (63 Days Prior to the Final Pretrial Conference)

The Parties meet, per CFC Case Management Procedures ("Appendix A"), Paragraph 13, to exchange lists of trial exhibits and lists of witnesses, including expert witnesses. In making these disclosures, the Parties will comply with the requirements of subsections (a) and (b) of Paragraph 13. The Parties will further discuss the six items set forth in subsection (c) of Paragraph 13. Each Party shall be represented at this meeting by counsel having authority to make agreements concerning the matters contained in subsection (c).

---

2 Astoria notes that if trial were to commence on February 20, 2006, as the Department proposes, the meeting of counsel, which must take place no later than 63 days before the Final Pretrial Conference, would have to take place no later than December 9, 2006. Given the amount of work that must precede the meeting, that would be an extremely tight timetable.

January 12, 2007 (7 Days After the Meeting of Counsel)

Counsel file a Joint Certification verifying that they met and accomplished all matters required by Paragraph 13.

January 19, 2007 (49 Days Prior to the Final Pretrial Conference)

Astoria files a Memorandum of Contentions of Fact and Law, which must meet the requirements of Appendix A, Paragraph 14 (a) or, at the Option of the Court, Astoria files Proposed Findings of Fact and Conclusions of Law with annotations to the exhibits or witnesses on which it will rely to prove the findings, Appendix A, Paragraph 13 (d). As between these options, Astoria would urge the Court to adopt the latter.

Astoria must also file a Witness List meeting the requirements of Appendix A, Paragraph 15 (a), must meet the requirements of Section 15 (b) with respect to any deposition testimony it will seek to introduce at trial, and must file an Exhibit List meeting the requirements of Appendix A, Paragraph 16.

Both Parties file Motions in Limine.

January 26, 2007 (42 Days Prior to the Final Pretrial Conference)

Both Parties file Answers to Motions in Limine.

February 2, 2007 (35 Days Prior to the Final Pretrial Conference)

Both Parties file Replies to Motions in Limine.

February 16, 2007 (21 Days Prior to the Final Pretrial Conference)

The Department files its Responsive Memorandum in the same form and content as Astoria's Memorandum, Appendix A, Paragraph 14 (b), or, at the election of the Court, the Department files its Proposed Findings of Fact and Conclusions of Law, Appendix A, Paragraph 13 (d).

The Department must also file a Witness List meeting the requirements of Appendix A, Paragraph 15 (a), must meet the requirements of Section 15 (b) with respect to any deposition testimony it will seek to introduce at trial, and must file an Exhibit List meeting the requirements of Appendix A, Paragraph 16.

March 2, 2007 (7 Days Prior to the Final Pretrial Conference)

The Parties file a Stipulation setting forth all factual matters as to which they agree. Appendix A, Paragraph 17 says that this can be done before or after the Final Pretrial Conference. Astoria believes the Court and the Parties would be better served if it was filed in advance of the Conference, so that, if necessary, it could be a subject of discussion at the Conference.

March 9, 2007 (Final Pretrial Conference)

Per CFC Rule 16 (d), the Court and the Parties will discuss a plan for the trial, including any program for facilitating the admission of evidence. Astoria believes this is the appropriate occasion for dealing with many of the detailed trial management issues set forth in the Department's Proposed Agenda (and discussed in Part III, *infra*).

The Parties should also submit at the Final Pretrial Conference a Consolidated Exhibit List, identifying joint exhibits, as required by Appendix A, Paragraph 18. Astoria suggests that it will best serve the Parties and the Court if this Exhibit List is comprehensive, i.e., that it lists Joint Exhibits, Plaintiff's Exhibits and Defendant's Exhibits, so that there will be no need to refer to separate lists.

March 19, 2007 (10 Days After the Final Pretrial Conference)

Trial Commences.

## III. PROCEDURES TO BE FOLLOWED AT TRIAL

The proposed agenda the Department shared with Plaintiff's Counsel last week contained a lengthy and detailed discussion of procedures to be followed at trial. Plaintiff believes the discussion of many such procedures is premature and would be more appropriate at a subsequent conference to be held closer to the date of trial. By then the Parties will have developed, and will have shared with each other and with the Court, a better idea of who their witnesses will be, what the parameters of their testimony will be, and what their exhibits will be. However, since the Department apparently intends to press ahead with its proposed agenda, Plaintiff offers the following comments on specific items the Department said it intends to raise.

Allocation of Trial Time

The Department proposes that the Court put the parties "on the clock" and force adherence to a very precise allocation of time. The Department suggests a 50-50 split of the time. The Department does not address the need for any of this.

Astoria's counsel has been trying cases in courts across this country for 34 years. In that time, no judge has ever seen fit to impose such restrictions, nor has any judge ever criticized him or his client for taking overly long in the presentation of a case or for abusing the use of "rebuttal" evidence. Indeed, in the last major financial industry case tried by Astoria's counsel, the plaintiff, a Government agency spent 112 days putting on its case, while the defense put its case on in 7 days.

Astoria suggests that any consideration of allocation of trial time await the Final Pretrial Conference. At that point the Parties will have disclosed to each other and to the Court a vast amount of information about their respective cases. If any allocation of trial

time seems necessary at all, it can then be done on an informed basis, ensuring a more rational and fair result.

Scope of Examination

The Department proposes that it be allowed to combine cross-examination and direct examination when it questions witnesses put on by Astoria. While Astoria does not oppose this practice in concept, it is a practice that can be abused and should therefore be used cautiously and only where necessary.

Astoria suggests that this issue be reserved to the Final Pretrial Conference. At that point, both Parties will have disclosed their trial witnesses, and the Court and the Parties will know the witnesses who are on both lists. There should be relatively few such witnesses. If a witness who will testify for Astoria is not on the Department's list, clearly the Department should be limited to cross-examination of that witness (including limitation to the scope of the direct examination). If a witness who will testify for Astoria is on the Department's list too, the Department will have disclosed the nature of the testimony it intends to offer through the witness. At that point an informed decision can be made as to whether the testimony the Department expects to elicit is more in the nature of direct examination or cross examination, and whether the interest of justice and convenience will best be served by allowing the Department to conduct an examination of that witness that exceeds the scope of direct examination.

Technology and Court Reporter

Astoria has no objection to the Department's proposals for use off the technology courtroom (Courtroom Four) or to the use of Ms. Carmen Smith as the Court Reporter.[3]

---

[3] Other Winstar Plaintiffs' counsel have described Ms. Smith as "the gold standard" of court reporters

Since these might require some lead time to effectuate, Astoria joins in the Department's request that the Court approve and implement these proposals at Thursday's conference.

Subpoena to Witnesses

The Department seeks blanket authority for the Parties to subpoena witnesses who reside more than 100 miles from Washington. This is another practice which may be beneficial, but which also can be subject to abuse. Astoria suggests that after the meeting of counsel (which occurs 69 days prior to the Final Pretrial Conference), each side draw up a list of the witnesses it proposes to subpoena who reside more than 100 miles from Washington and move the Court for leave to issue subpoenas to those witnesses. This should allow ample time to have the subpoenas served and will protect against any abuse.

Astoria makes a similar suggestion with respect to the Department's suggestion that the Parties accept subpoenas "for the witnesses whom they will represent at trial." Astoria is not sure what the Department means by the quoted words, since witnesses are not typically represented at trial by counsel for the parties. Astoria assumes the Department intended this to apply to witnesses who were represented at deposition by counsel for one of the Parties. Astoria suggests that after the initial exchange of witness lists, each Party draw up a list of such witnesses whom it wishes to subpoena and present it to the other Party. That Party would then either agree or not agree to accept subpoenas on a witness-by-witness basis.

Disclosure Deadlines, Rule 615, and the Introduction and Handling of Exhibits

These are issues commonly dealt with at the Final Pretrial Conference.

Calling of Witnesses

Astoria opposes the Department's request that "each party be permitted to call as a witness any person identified as persons with knowledge in the parties' prior witness disclosures." This is extremely broad license, and it is inconsistent with the Court's Case Management procedures which require the Parties to identify with specificity well in advance of trial the witnesses they propose to call.

Policy on Admission of Documentary Evidence

Astoria's counsel has tried cases before judges who limited a party to the portion of the document actually referred to at trial and before judges who imposed no such limitation. Both policies have their merits; both can be abused. Astoria's preference would be a policy that allows use of the entire document once admitted in evidence, but which serves notice that the Court may attach lesser weight to portions of the document not referred to at trial. This gives each Party incentive to be up front it its use of the document at trial and during post-trial briefing.

Authenticity of Documents

Astoria does not disagree with the Department's proposal on this subject, but it believes authenticity problems should be raised in advance of the Final Pretrial Conference so that they can be addressed during that conference. The logical time to identify these issues is during the preparation of the Consolidated Exhibit List. The

Parties should submit a list of authenticity issues along with that List. Presumably, there will be relatively few such issues, and they can then be disposed of individually at the Conference.

Respectfully submitted,

/s/ Frank J. Eisenhart

Frank J. Eisenhart
*Counsel of Record*
Tara R. Kelly
Dechert LLP
1775 I St., N.W.
Washington, DC 20006
202.261.3306
202.261.3333 (Fax)

Attorneys for Plaintiff
Astoria Federal Savings and Loan Association

September 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September 2006, a copy of the foregoing Plaintiff's Proposed Pretrial Conference Agenda was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Frank J. Eisenhart
Frank J. Eisenhart