FILED
MAY 14 1997
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PLAINTIFFS IN ALL WINSTAR-RELATED CASES AT THE COURT,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 90-8C, et al.<br>(Chief Judge Smith) |

MASTER ORDER CONCERNING "DE BENE ESSE"
DEPOSITIONS IN THE WINSTAR-RELATED CASES

Upon consideration of the motions filed by the parties seeking an order concerning de bene esse depositions in the Winstar-Related Cases, it is hereby

ORDERED that, notwithstanding paragraph 7(b)(ii) of the CMO,

(A) Any party to any Winstar-Related Case may at any time notice and take depositions in accordance with the Rules of this Court, without leave of Court, to preserve testimony from any witnesses (i) if all parties agree to the taking of the depositions, or (ii) the witness to be deposed might be unavailable for trial because of (1) fragile health and/or (2) age.

(B) Either with its notice or as soon thereafter as practicable, the party that noticed the deposition shall provide to all other parties a list of the subjects on which that party expects to question the

witness at the deposition. If subjects on which a party expects the witness to testify at trial have already been provided to the other party or parties in the form of answers to interrogatories or by some prior disclosure, and such prior disclosure continues to be accurate and complete, then the notice required herein as to those subjects may be made by referring to those prior disclosures and interrogatory answers.

(C) Depositions noticed pursuant to this Order shall take place no earlier than 45 days after service of the notice unless the infirmity of the witness requires that the deposition occur within less than 45 days. In the notice, counsel shall substantiate the infirmity of the witness either by attaching a doctor's written opinion, or by reciting in the notice the name of the doctor, the substance of the doctor's opinion, and an explanation of why a written submission from that doctor could not be attached to the notice.

(D) The fact that a witness was deposed pursuant to this Order shall not be grounds to object to any subsequent notice of deposition for the same witness served by a party who did not notice the deposition of that witness pursuant to this Order, regardless of whether that party was represented at or participated in the deposition pursuant to this Order.

(E) For purposes of this Order, it shall be presumed that a witness might be unavailable for trial if the parties agree. It shall also be presumed that a witness might be unavailable for trial due to fragile health if the party seeking to depose that witness represents in writing that the witness has a serious medical condition, or otherwise provides a reasonable basis to conclude that the witness' health is deteriorating and that the witness might not be able to testify at trial. It shall also be presumed that the witness might be unavailable for trial due to age if the party seeking to depose that witness represents, in the notice of deposition or in some other writing signed by counsel for the party or by the witness, that the witness is or will be 70 years old or older in the calendar year in which the deposition is to be taken.

(F) For purposes of this Order, each witness who was, prior to December 31, 1979, an employee, officer, director, or member of any of the FDIC, OTS, FSLIC, FHLBB, any Federal Home Loan Bank, IRS, or U.S. Treasury (collectively "Federal Thrift Agencies") or who is a current employee, officer, director, or member of any Federal Thrift Agencies, shall be referred to as a "Thrift Agency Employee". In the event that a party notices the deposition of a Thrift

Agency Employee pursuant to this Order, and the subjects of the deposition as identified pursuant to (B) above include any aspect of that Thrift Agency Employee's work for a Thrift Agency, the party noticing the deposition shall provide copies of the notice to the Plaintiffs Coordinating Committee, the Defendant's Coordinating Committee, and the FDIC as Receiver. The Committees, the FDIC as receiver, and the party noticing the deposition shall confer promptly to determine whether and under what circumstances other plaintiffs who wish to depose that Thrift Agency Employee may participate in the deposition. If the committees, FDIC as receiver, and the party noticing the deposition are unable to agree on an arrangement that balances the potential hardship presented by multiple depositions of that Thrift Agency Employee with the legitimate needs of the party that noticed the deposition and the other interested plaintiffs, any party may move the Discovery Judge for an order that effects that balance, provided that any such order shall fully protect the rights of all plaintiffs who may require the testimony of such witness at trial in their cases to preserve the testimony of such witness. As to depositions noticed due to fragile health pursuant to paragraph (A) above, the pendency of any such motion shall not be grounds

to delay the time of the deposition or to modify any terms of the deposition.

(G) In the event that any provision of this Order contradicts any provision of any order applicable to the Priority Cases only, the terms of such other order or orders shall govern.

May 14, 1997

Loren A. Smith, Chief Judge