# In the United States Court of Federal Claims

No. 95-468C

(Filed: September 19, 2006)

| | |
|---|---|
| ***************************************** | * |
| | * |
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ***************************************** | * |

PRETRIAL ORDER

On September 7, 2006, the Court held a pretrial conference with counsel for the parties to establish a schedule for trial and certain pretrial procedures. On September 15, 2006, the Court held a follow-up conference with counsel after distributing a draft Pretrial Order for review. With the assistance of counsel, the Court established the following schedule:

1. Trial shall begin on Thursday, April 19, 2007 at 10:00 AM at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. The Court will allot five weeks, through Wednesday, May 30, 2007, for this trial. The trial will encompass all issues of damages pending in this action. Access to the Court will be provided on Wednesday, April 18, 2007 to allow the parties to prepare for the start of trial.

2. On or before November 29, 2006, counsel for both parties shall file with the Court the following information:

a. A list of the persons whose testimony will be introduced by deposition because the witness is deceased or unable to attend or testify because of age, illness, or infirmity. The list shall specify the particular reason the witness is not able to testify in court.

b. A list of the witnesses who reside more than 100 miles from Washington, D.C. whom each party proposes to subpoena, along with a short statement explaining the importance of each witness's testimony.

3. On or before February 15, 2007, Plaintiff's counsel shall file with the Court the following information:

a. A Memorandum of Contentions of Fact and Law.

b. A final list of the persons counsel expects to call as witnesses at trial, including each person's full name and address. The list also should include a brief description of the subject matter of the person's testimony and the expected length of the direct examination. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

c. A motion seeking leave to present deposition testimony from a list of witnesses unable to testify in court. The motion shall show cause for each witness why deposition testimony should be admitted and identify specifically the portions of the transcript of the deposition that the party intends to use at trial. If the motion is granted, only those identified portions of the transcript may be submitted.

d. A list of exhibits counsel expects to offer into evidence at trial. Concurrently with submission of this list to the Court, counsel shall provide opposing counsel a copy of the exhibit. Except for cross-examination or rebuttal exhibits, any exhibit not included on the exhibit list filed with the Court will not be admitted to trial.

4. On or before March 15, 2007, Defendant's counsel shall file with the Court:

a. A response to Plaintiff's Memorandum of Contentions of Fact and Law.

b. A final list of the persons counsel expects to call as witnesses at trial, including each person's full name and address. The list also should

include a brief description of the subject matter of the person's testimony and the expected length of the direct examination. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

c. A motion seeking leave to present deposition testimony from a list of witnesses unable to testify in court. The motion shall show cause for each witness why deposition testimony should be admitted and identify specifically the portions of the transcript of the deposition that the party intends to use at trial. If the motion is granted, only those identified portions of the transcript may be submitted.

d. A list of exhibits counsel expects to offer into evidence at trial. Concurrently with submission of this list to the Court, counsel shall provide opposing counsel a copy of the exhibit. Except for cross-examination or rebuttal exhibits, any exhibit not included on the exhibit list filed with the Court will not be admitted to trial.

5. On or before April 2, 2007, counsel for both parties shall file with the Court:

a. Stipulations of all uncontested material facts, formatted in numbered paragraphs, signed by counsel of record for both parties.

b. Objections, if any, to the exhibits received from opposing counsel, indicating the nature of the objection lodged, and the applicable Rule of the Federal Rules of Evidence relied upon for each objection.

6. All pretrial motions, including motions *in limine*, shall be filed sufficiently in advance of trial so as to be fully briefed and considered by the Court. The existence of a pending motion will not serve to delay the start of trial.

7. Additionally, the Court established that:

a. Defendant's counsel generally may combine cross-examination and direct examination when questioning witnesses called by Plaintiff's counsel. This accommodation is made primarily for witnesses who reside outside of the Washington, D.C. area, and may be withheld for witnesses who reside locally.

b. Counsel shall provide opposing counsel on the first business day of each week a list of the witnesses intended to be called the following week. The first notification shall be on April 12, 2007, one week before the start of trial. Once the trial is underway, each side shall receive at least seven days' notice of upcoming witnesses.

c. Counsel for the parties shall coordinate witness and exhibit lists to avoid duplication. At the conclusion of the trial, counsel will coordinate with the Court in preparing a final list of admitted exhibits.

d. No later than 72 hours prior to using any demonstrative exhibit in the direct examination of a witness, examining counsel shall provide opposing counsel two paper copies and an electronically-transmitted PDF file of the exhibit. Counsel shall provide demonstrative exhibits to opposing counsel 24 hours in advance of opening or closing statements.

e. The parties shall adhere to Rule 615 of the Federal Rules of Evidence, requiring the exclusion from the courtroom of all fact witnesses, save for one designated officer or representative of each party. Expert witnesses from each side also may remain in the courtroom during the proceedings. Once counsel tenders a witness to opposing counsel for cross-examination, the presenting counsel may not hold substantive discussions with the witness until cross-examination is concluded. Counsel shall not share trial transcripts with upcoming witnesses, or discuss with them the substance of any trial proceedings that have occurred.

f. At the start of trial, unless there is objection, the Court shall issue an order releasing from the protective order any documentary exhibit subsequently introduced into the record at trial. Either party may then freely use the exhibit in open court.

8. The Court will hold a Final Pretrial Conference at the National Courts Building on Monday, April 16, 2007 at 2:00 PM. Counsel of record are expected to attend.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge