IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 95-468C<br>(Judge Thomas C. Wheeler) |

**DEFENDANT'S LISTS OF PERSONS WHOSE TESTIMONY WILL BE INTRODUCED BY DEPOSITION TRANSCRIPT AND OF WITNESSES WHO RESIDE MORE THAN 100 MILES FROM WASHINGTON, D.C. AND REQUEST FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENAS**

Pursuant to the Court's order dated September 19, 2006, defendant, the United States, respectfully submits its lists of persons whose testimony will be introduced by deposition transcript and of witnesses who reside more than 100 miles from Washington, D.C. whom defendant proposes to subpoena. We further respectfully request the Court enter an order authorizing the issuance of subpoenas to compel the witnesses residing more than 100 miles from Washington, D.C. identified below to testify at trial in this Court.

**A. <u>Persons Whose Testimony Will Be Introduced By Deposition Transcript</u>**

1. **Andrew Kane, Jr.** We will seek to introduce the testimony by deposition transcript of Mr. Kane, the former chairman of the board and president of Suburbia Federal Savings and Loan Association ("Suburbia") at the time of its acquisition by Fidelity New York, FSB ("Fidelity"), because he is deceased.

2. **Christopher Quackenbush.** We will seek to introduce the testimony by deposition transcript of Mr. Quackenbush, a former partner of the investment

banking firm Sandler O'Neill who advised Astoria Federal Savings and Loan Association ("Astoria") in its acquisition of Fidelity, because he is deceased.

**B. Witnesses Who Reside More Than 100 Miles From Washington, D.C. Whom Defendant Proposes To Subpoena**

1. **Brent Beesley.** Mr. Beesley was the former head of the Federal Savings and Loan Insurance Corporation ("FSLIC") and can provide testimony concerning the FSLIC's procedures and capabilities in resolving troubled thrifts in the early 1980s. These factual issues are relevant in rebutting plaintiff's restitution and reliance damages claims.[1] Mr. Beesley was deposed by plaintiffs in a common discovery deposition on July 26-27, 1999.

2. **Vito Caporusso.** Mr. Caporusso was a senior lending officer of Fidelity and can discuss the condition of Fidelity's loan portfolio and the effect of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA") upon Fidelity's operations. These factual issues are relevant in rebutting plaintiff's lost profits damages claims. Mr. Caporusso was deposed on June 23, 2000.

3. **Daniel Dionne.** Mr. Dionne was the former Assistant Regional Director of the Federal Deposit Insurance Corporation ("FDIC") for the region that included New York, and is currently retired from Government service. Mr. Dionne can discuss the FDIC's regulatory oversight of the thrift in the post-FIRREA period.

---

[1] Our descriptions here of the matters that the witnesses may discuss at trial are not meant to encompass the entire scope of their testimony, but are merely meant to provide a succinct description of some of the key issues about which we expect them to testify.

These factual issues are relevant in rebutting plaintiff's lost profits damages claims. Mr. Dionne was deposed on January 25, 2005.

4. **Henry Drewitz.** Mr. Drewitz was the former president and chairman of the board of Astoria at the time of Astoria's acquisition of Fidelity. Mr. Drewitz can discuss Astoria's performance in the post-FIRREA period, Astoria's acquisition of Fidelity, and Astoria's post-acquisition performance, factual issues that are relevant in rebutting plaintiff's lost profits damages claims. Mr. Drewitz was deposed on May 23, 2000.

5. **Alan Eggleston.** Mr. Eggleston was general counsel and an executive vice president of Astoria. Mr. Eggleston can discuss Astoria's performance before and after its acquisition of Fidelity, including up to the present time, factual issues that are relevant in rebutting plaintiff's lost profits damages claims. Mr. Eggleston was deposed on May 24, 2000.

6. **George Engelke.** Mr. Engelke is Astoria's current chief executive officer and chairman of the board. Mr. Engelke can discuss Astoria's performance before and after its acquisition of Fidelity, including up to the present time, factual issues that are relevant in rebutting plaintiff's lost profits damages claims. Mr. Engelke was deposed on August 1, 2000.

7. **Peter Finn.** Mr. Finn is a vice president of Astoria and had responsibility connected with Astoria's due diligence of Fidelity. Mr. Finn can discuss the condition of Fidelity at the time of its acquisition of Astoria and Astoria's actions in dealing with the assets it acquired from Fidelity, factual

issues that are relevant in rebutting plaintiff's lost profits damages claims. Mr. Finn was deposed on June 12, 2000.

8. **Bruno Greco.** Mr. Greco was a former executive vice president of Fidelity during the 1980s and can discuss the facts surrounding Fidelity's acquisition of Suburbia and the subsequent lending activities at Fidelity that led to the thrift's significant asset quality problems and poor ratings by thrift examiners years before the passage of FIRREA. Mr. Greco's testimony is relevant to our rebuttal of plaintiff's restitution, reliance, wounded bank, and lost profits damages claims. Mr. Greco can also discuss the facts concerning the OTS's prosecution of him based upon his activities at Fidelity which led to his ban from the banking industry for life and payment of a $90,000 fine.[2] Mr. Greco was deposed on August 10, 2000.

9. **Thomas Lovely.** Mr. Lovely was the president and chairman of the board of Fidelity during the 1980s and can discuss the facts surrounding Fidelity's acquisition of Suburbia, the subsequent lending activities at Fidelity that led to the thrift's significant asset quality problems and poor ratings by thrift examiners years before the passage of FIRREA, and the thrift's performance in the immediate post-FIRREA period. Mr. Lovely's testimony is relevant to our rebuttal of plaintiff's restitution, reliance, wounded bank, and lost profits damages

---

[2] In our summary judgment motion filed on July 3, 2003, we incorrectly stated that Mr. Greco paid a $750,000 fine. See Def. Mot. for Summ. J. Upon Pl.'s Damages Claims (July 3, 2003) at 9. We apologize for this error. The cited documents indicate that Mr. Greco paid a $90,000 fine. See DA 54.

claims. Mr. Lovely can also discuss the facts concerning the OTS's prosecution of him based upon his activities at Fidelity which led to his ban from the banking industry for life and payment of a $100,000 fine.[3] Mr. Lovely was deposed on July 10, 2000.

10. **Frederick Meyer.** Mr. Meyer was an executive vice president of Fidelity and can discuss the operations of Fidelity in the pre and post-FIRREA periods. Mr. Meyer's testimony concerning Fidelity's performance is relevant to our rebuttal of plaintiff's lost profits and wounded bank damages claims. Mr. Meyer was deposed on July 24, 2000.

11. **Edward O'Connell.** Mr. O'Connell, now retired from the OTS, was a regional director of the Federal Home Loan Bank Board ("FHLBB") and can discuss the procedures and policies of the FHLBB and FSLIC with respect to their efforts to resolve troubled thrifts, factual issues that are relevant to our rebuttal of plaintiff's restitution and reliance damage claims. Mr. O'Connell was deposed by plaintiffs in a common discovery deposition on July 6-7, 2000.

12. **Karen Ottendorfer.** Ms. Ottendorfer, now retired from the FDIC, was the examiner-in-charge of the FDIC's examinations of Fidelity in 1992 and 1993 and can discuss the FDIC's determinations concerning the condition of the thrift at that time. These factual issues are relevant to our rebuttal of plaintiff's lost

---

[3] In our summary judgment motion filed on July 3, 2003, we incorrectly stated that Mr. Lovely paid a $1,000,000 fine. See Def. Mot. for Summ. J. Upon Pl.'s Damages Claims (July 3, 2003) at 9. We apologize for this error. The cited documents indicate that Mr. Lovely paid a $100,000 fine. See DA 42.

profits and wounded bank damages claims. Ms. Ottendorfer was deposed on January 26, 2005.

13. **Thomas Powderly.** Mr. Powderly was a former president of Fidelity and can discuss the problems facing the thrift before and after FIRREA, including its poorly performing loan portfolio. These factual issues are relevant in rebutting plaintiff's lost profits and wounded bank damages claims. Mr. Powderly was deposed on July 20, 2000.

14. **Richard Pratt.** Mr. Pratt was the former chairman of the FHLBB and can discuss the FHLBB's role in resolving problem thrifts in the early 1980s. These factual issues are relevant in rebutting plaintiff's restitution and reliance damages claims. Mr. Pratt was deposed in a common discovery deposition on October 2, 1998.

15. **Monte Redman.** Mr. Redman was Astoria's chief financial officer and can discuss Astoria's acquisition of Fidelity and Astoria's utilization of capital from the early 1990s to the present. These factual issues are relevant in rebutting plaintiff's lost profits damages claims. Mr. Redman was deposed on June 22, 2000.

16. **Richard Schapiro.** Mr. Schapiro was a principal at Salomon Brothers and advised Fidelity on its merger with Astoria. Mr. Schapiro can provide testimony concerning Fidelity's acquisition by Astoria, including factual issues relevant to our rebuttal of plaintiff's lost profits damages claims. Mr. Schapiro was deposed on August 14, 2000.

17. **Peter Stearns.** Mr. Stearns was the former head of the FSLIC (following Mr. Beesley) and can provide testimony concerning the FSLIC's capabilities in resolving troubled thrifts in the early and mid 1980s. These factual issues are relevant in rebutting plaintiff's restitution and reliance damage claims. Mr. Stearns was deposed on August 17, 2000.

18. **Roger Teurfs.** Mr. Teurfs was a partner at Peat Marwick and can provide testimony concerning the accounting issues connected with the merger of Fidelity and Suburbia, factual issues relevant to plaintiff's restitution and reliance damages claims. Mr. Teurfs was deposed on August 11, 2000.

19. **Angelo Vigna.** Mr. Vigna, now retired from Government service, was a principal supervisory agent of the Federal Home Loan Bank of New York during the 1980s. Mr. Vigna can discuss the regulatory oversight of Suburbia, Fidelity, and Astoria, issues relevant to our rebuttal of plaintiff's restitution, reliance, wounded bank, and lost profits damages claims. Mr. Vigna was deposed on August 3, 2000.

20. **William Wesp.** Mr. Wesp was an executive vice president of Fidelity and can discuss the investment and operational activities of Fidelity in the pre-breach and post-breach periods, issues relevant to our rebuttal of plaintiff's wounded bank and lost profits damages claims. Mr. Wesp was deposed on July 19, 2000.

In connection with our identification of the witnesses who reside more than 100 miles from Washington, D.C. whom we propose to subpoena, we respectfully request, pursuant to Rule

45(b)(2) of the Rules of the United States Court of Federal Claims, that the Court to enter an order authorizing the issuance of subpoenas to compel these witnesses to travel to testify at trial.

The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n.11 (1983); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court must have greater latitude to subpoena trial witnesses outside 100 miles from the courthouse. Compare Fed. R. Civ. P. 45, with RCFC 45. Therefore, this Court's nationwide jurisdiction establishes the basis for granting such authorization. Without such authority, the defense of our case will be greatly prejudiced, as we will be unable to present the important testimony indicated above.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

/s/ William F. Ryan

WILLIAM F. RYAN
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

November 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November 2006, a copy of the foregoing "DEFENDANT'S LISTS OF PERSONS WHOSE TESTIMONY WILL BE INTRODUCED BY DEPOSITION TRANSCRIPT AND OF WITNESSES WHO RESIDE MORE THAN 100 MILES FROM WASHINGTON, D.C. AND REQUEST FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENAS " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson