# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff | No. 95-468C |
| v. | (Judge Thomas C. Wheeler) |
| THE UNITED STATES, Defendant | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CERTAIN DAMAGE CLAIMS

The Department of Justice has filed a Motion *in Limine* to prevent Astoria from introducing evidence concerning its claim for cost of replacement capital and a claim (which Astoria has never made) for the cost of Fidelity's Initial Public Offering of stock. The motion is totally unnecessary, but in the course of filing this unnecessary motion, the Department has misstated the record, necessitating this Response.

Astoria has not "abandoned" its claim for the cost of replacement capital. It has, however, acknowledged that such a claim would presently be precluded by decisions of the Federal Circuit which are binding on this Court. So long as this is so, Astoria has said, it does not intend to present such a claim. Astoria would not expect there to be any radical change in the law in this area between now and April 19, 2007, when this trial is scheduled to begin. However, should such a change occur, Astoria would revisit its decision not to proceed with this claim.

The Department also claims that Astoria has "abandoned" or "disavowed" a claim for damages based on the cost of Fidelity's conversion from mutual to stock form and the cost of

its Initial Public Offering of shares. This is not accurate. Astoria has never made such a claim, so there would be nothing for it to "abandon" or "disavow."

That is not to say, however, that the conversion and Initial Public Offering will not be the subject of a presentation of evidence. One of the claims Astoria has made is that the Government's admitted breach of contract and the damage Fidelity suffered as a result of this breach seriously delayed Fidelity's conversion and stock offering. As a result of that delay, Fidelity was unable to raise an amount of capital comparable to the amounts raised by Astoria and other peer institutions that had not undergone an ordeal similar to that undergone by Fidelity. The relatively low amount of capital raised by Fidelity in its stock offering in 1993 was enough to free it from the onerous regulatory restrictions of the Capital Plan, but it was not enough to allow Fidelity to compete successfully with its more heavily capitalized competitors. That is why Fidelity's management eventually decided to allow Astoria to acquire Fidelity.

For these reasons, Astoria respectfully requests that the Court deny the Department's Motion *in Limine*.

Frank J. Eisenhart
*Counsel of Record*
Tara R. Kelly
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
202.261.3306
202.261.3333 (Fax)

Attorneys for Plaintiff
Astoria Federal Savings and
Loan Association

December 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2006, a copy of the foregoing Plaintiff's Response to Defendant's Motion *In Limine* to Exclude Evidence of Certain Damage Claims was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Frank J. Eisenhart
Frank J. Eisenhart