# In the United States Court of Federal Claims

No. 95-468C

(Filed: December 21, 2006)

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

Before the Court is Defendant's December 7, 2006 motion *in limine* to exclude evidence of certain damages claims. Defendant asserts that Plaintiff should be precluded at trial from presenting evidence on two theories of damages that Plaintiff has "abandoned" or "disavowed." (Motion at 1). The first concerns replacement costs of capital, a theory that Plaintiff agrees is precluded based upon binding precedent from the U.S. Court of Appeals for the Federal Circuit. The second concerns the costs of conversion of Fidelity New York, FSB from a mutual to stock institution, a theory that Plaintiff apparently has not employed in this case. Plaintiff has responded to Defendant's motion, and Defendant has filed a reply.

In reviewing the positions of the parties, the Court finds it unnecessary to issue a ruling *in limine* on damages theories that Plaintiff admittedly is not pursuing. Moreover, Plaintiff should not be precluded from offering factual evidence on capital replacement costs or costs of conversion that may be relevant to other claims. Such evidentiary rulings would be premature at this point, and must await further development at trial. The fact that Plaintiff is not pursuing the referenced damages theories does not mean that the words "replacement costs of capital" or "costs of conversion" can never be uttered at trial. Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge