ORIGINAL

FILED
JAN 5 2007
U.S. COURT OF FEDERAL CLAIMS

*Richard T. Pratt*
*1694 South Mohawk Way*
*Salt Lake City, UT 84108*
*(801) 467-1817*

→ By Leave of the Judge

January 4, 2007

Honorable Thomas C. Wheeler
United States Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C. 20005

Dear Judge Wheeler:

**RE: Astoria Federal Savings & Loan Association**
**No. 95-468C**

My name is Richard Pratt and I reside in Salt Lake City, Utah. I have been advised by the parties that I will be subpoenaed in the captioned case. I would respectfully request that for the following reasons, you quash these subpoenas. I believe that the following facts support my request.

1. I have no present knowledge of this institution, nor any of the facts regarding this case.
2. While serving as Chairman of the Federal Home Loan Bank Board from early 1981 until June of 1983, I did not decide the application of Astoria Savings, which has led to the litigation. The application in question was approved the year following my resignation.
3. Since June of 1983, I have had no regulatory responsibilities regarding financial institutions. I have never served as an executive or employee of any savings and loan association.
4. To the best of my knowledge, it appears that while the parties purport to be calling me as a fact witness, given my lack of factual knowledge, they are by their own admission, actually seeking to use me as an expert witness regarding "knowledge about the savings and loan industry in the late 1970s and early 1980s" and "knowledge of the FHLBB's policies and practices with respect to institutions (such as Suburbia)…" Using the subpoena power to obtain expert witness testimony under the guise of a fact witness is inappropriate.
5. Neither party has made any attempt to determine what knowledge I have of this case.

160

6. I will be 70 years old at the time this trial is held, and I find extensive travel difficult.
7. I have had two total hip replacements that restrict my mobility.
8. Two years ago, I suffered a spinal disc rupture which has compromised my ability to walk and stand for an extended period. I find the walks required through airports to be difficult.
9. I have two substantial conflicting responsibilities: one on April 17th, and the other over the four-day period from April 24th to April 27th. These obligations have been on my calendar for over one year and if I am unavailable to attend to these, it would cause me substantial personal harm and financial sacrifice.

I hope that you will consider and look favorably upon my request. I would be happy to set aside a day for my deposition by the parties in Salt Lake City so that it could be used at trial in lieu of my attending. However, under the circumstances, a private citizen with no relevant facts to contribute to this dispute, I find it to be unnecessarily burdensome and a misuse of my time to be compelled to fly across the country to participate in this proceeding.

Thank you for your consideration.

Sincerely,

Richard T. Pratt

cc: John H. Roberson, Esquire
Trial Division
Commercial Litigation Branch
Civil Division
Classification Unit, 8th Floor
1101 L Street, NW
Washington , D.C. 20530

Frank Eisenhart
Deckert Price LLP
1775 I Street, NW
Washington, D.C. 20006