**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | **No. 95-468C** <br> **(Judge Thomas C. Wheeler)** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PRESENT THE TRIAL TESTIMONY OF BRUNO GRECO BY VIDEO CONFERENCE**

Defendant, the United States, respectfully submits its response to the motion of plaintiff, Astoria Federal Savings and Loan Association ("Astoria"), to present the trial testimony of Bruno Greco by video conference from Garden City, New York.

We do not oppose plaintiff's motion within the following framework. First, that plaintiff will provide us with the date or dates of Mr. Greco's video conference in writing at least 30 days before the proposed testimony. This will permit our attorneys to make suitable travel and hotel arrangements and otherwise arrange their affairs to facilitate the travel required by plaintiff's request.

Second, if necessary, that accommodation be given to us if the attorney from our trial team assigned to examine Mr. Greco is also responsible for covering a witness scheduled to appear by plaintiff at trial in Washington, D.C., either the day before or the day after Mr. Greco's video conference testimony. For example, if need be, plaintiff's order of witnesses can be rearranged, or the appearance of a witness already testifying in Washington, D.C., can be

interrupted, so that Mr. Greco's testimony goes forward on a date certain. This will ensure that we are not disadvantaged with respect to other witnesses by the need of our attorneys to travel to or from New York to accommodate Mr. Greco.[1]

Third, plaintiff shall pay for all costs of the video conference (not including our travel and hotel costs). While we intend to name Mr. Greco on our witness list and, thus, anticipate the possibility of going beyond the scope of plaintiff's direct examination during our examination of Mr. Greco, it would, in the normal course, be our strong preference to examine Mr. Greco before this Court in Washington, D.C. Thus, the Court should obligate the plaintiff to pay for this accommodation to Mr. Greco.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

[1] We discussed two specific issues with plaintiff's counsel in this regard. First, we requested that plaintiff attempt to schedule Mr. Greco's testimony on either a Friday or a Monday, thus reducing the likelihood of a conflict with the traveling attorneys' responsibilities with regard to other witnesses appearing in this Court. Second, we agreed that the interruption of the examination of a witness appearing in this Court should be permitted if necessary to present Mr. Greco's testimony on a previously identified date certain.

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

February 20, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PRESENT THE TRIAL TESTIMONY OF BRUNO GRECO BY VIDEO CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson