**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | **No. 95-468C** <br> **(Judge Thomas C. Wheeler)** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PRESENT THE TRIAL TESTIMONY OF DR. RICHARD T. PRATT BY VIDEO CONFERENCE**

Defendant, the United States, respectfully submits its response to the motion of plaintiff, Astoria Federal Savings and Loan Association ("Astoria"), to present the trial testimony of Dr. Richard T. Pratt by video conference from Salt Lake City, Utah.

Our response to plaintiff's motion is twofold. First, for the same reasons set forth in our response to plaintiff's motions to present the trial testimony of Messrs. Lovely and Greco by video conference, we do not oppose plaintiff's motion to present Dr. Pratt's testimony by video conference contingent on accommodations concerning three matters. Second, however, we oppose plaintiff's attempt to present expert testimony from Dr. Pratt concerning matters outside the scope of his service as Chairman of the Federal Home Loan Bank Board ("FHLBB"), which plaintiff acknowledges was limited to the period between 1981 and June 1983. Pl. Mot. (Feb. 13, 2007) at 1. Accordingly, we respectfully request that the Court issue an order precluding plaintiff from eliciting testimony from Dr. Pratt outside the scope of his employment as Chairman of the FHLBB between 1981 and June 1983.

## ARGUMENT

### A. We Do Not Oppose Plaintiff's Motion To Present The Trial Testimony Of Dr. Pratt By Video Conference Contingent Upon Accommodations Concerning Three Matters

We do not oppose plaintiff's motion within the following framework. First, that plaintiff will provide us with the date or dates of Dr. Pratt's video conference in writing at least 30 days before the proposed testimony. This will permit our attorneys to make suitable travel and hotel arrangements and otherwise arrange their affairs to facilitate the travel required by plaintiff's request.

Second, if necessary, that accommodation be given to us if the attorney from our trial team assigned to examine Dr. Pratt is also responsible for covering a witness scheduled to appear by plaintiff at trial in Washington, D.C., either the day before or the day after Dr. Pratt's video conference testimony. For example, if need be, plaintiff's order of witnesses can be rearranged, or the appearance of a witness already testifying in Washington, D.C., can be interrupted, so that Dr. Pratt's testimony goes forward on a date certain. This will ensure that we are not disadvantaged with respect to other witnesses by the need of our attorneys to travel to or from Utah to accommodate Dr. Pratt.[1]

Third, our non-opposition to plaintiff's motion is contingent upon plaintiff's payment for all costs of the video conference (not including our travel and hotel costs). While we intend to name Dr. Pratt on our witness list and, thus, anticipate the possibility of going beyond the scope of plaintiff's direct examination during our examination of Dr. Pratt, it would, in the normal

---

[1] We discussed two specific issues with plaintiff's counsel in this regard. First, we requested that plaintiff attempt to schedule Dr. Pratt's testimony on either a Friday or a Monday, thus reducing the likelihood of a conflict with the traveling attorneys' responsibilities with regard to other witnesses appearing in this Court. Second, we agreed that the interruption of the examination of a witness appearing in this Court should be permitted if necessary to present Dr. Pratt's testimony on a previously identified date certain.

course, be our strong preference to examine Dr. Pratt before this Court in Washington, D.C. Thus, the Court should obligate the plaintiff to pay for this accommodation to Dr. Pratt.

**B. This Court Should Preclude Plaintiff's Attempt To Elicit Expert Testimony From Dr. Pratt Outside The Scope Of His Employment As Chairman Of The FHLBB**

In its motion to present Dr. Pratt's testimony by video conference, plaintiff describes its counsel's recent communication with Dr. Pratt. Plaintiff states that, after Dr. Pratt submitted his letter dated January 4, 2007, to this Court, plaintiff's counsel spoke to Dr. Pratt "and explained to him the nature of the testimony Plaintiff seeks to obtain from him." Pl. Mot. (Feb. 13, 2007) at ¶ 2. Plaintiff stated that its counsel communicated to Dr. Pratt that it would only seek "testimony [that] concerns *matters which occurred during* Dr. Pratt's tenure as Bank Board Chairman." Id. (emphasis added). Based upon this ex parte representation to Dr. Pratt, Dr. Pratt apparently "agreed to accept a subpoena" from plaintiff. Id. If this were the extent of the testimony that plaintiff seeks to obtain from Dr. Pratt, we would not now be opposing plaintiff's attempt to obtain certain testimony from Dr. Pratt. Plaintiff's subsequently filed contentions of fact and law belie, however, its representations to Dr. Pratt and this Court that it would only be seeking testimony concerning "matters which occurred during Dr. Pratt's tenure as Bank Board Chairman" (i.e., between 1981 and June 1983). Id.

Plaintiff is, in fact, now asserting in its Memorandum of Contentions of Fact and Law that it intends to obtain testimony from Dr. Pratt concerning matters that unmistakably occurred *after* Dr. Pratt's tenure as head of the FHLBB.[2] For example, at page 17 of plaintiff's memorandum, plaintiff discusses the deposit growth of the thrift industry *through the late 1980s*,

[2] In his letter dated January 4, 2007, Dr. Pratt stated that since June 1983, he has had "no regulatory responsibilities regarding financial institutions." Letter from R. Pratt to the Hon. Thomas Wheeler dated January 4, 2007, at ¶ 3.

citing Dr. Pratt's common discovery deposition testimony:

> [A] conscious effort was made by the Government to beef up the deposit base in the thrift industry in order to help thrifts "grow out" of their problems. This effort led the industry to grow from $600 billion at the end of 1982 to some $1.4 trillion by 1988 or 1989. However, Mr. Pratt noted, there were not enough quality assets to absorb this deposit growth, and the flood of money tended to depreciate the value of all assets to the point where even well-conceived and well-executed loans could face problems. So in the late 1980s, many thrifts started to experience problems related to asset quality.

Pl. Mem. of Contentions of Fact and Law (Feb. 15, 2007) at 17 (citing Deposition of Richard T. Pratt (Dec. 2, 1998) pp 143-45). The portion of the transcript of Dr. Pratt's testimony cited by Astoria concerns his response to a question concerning the state of the savings and loan industry *in 1988*, five years after he left his position at the FHLBB: "Were there different problems facing the savings and loan industry in 1988 than you were facing when you became chairman of the Bank Board?" (Dep. of Richard T. Pratt, Dec. 2, 1998, at 143:12-14).

While it is not surprising that Dr. Pratt may have had an opinion during common Winstar-related deposition discovery concerning events in the savings and loan industry in the late 1980's, such an opinion does not constitute admissible fact testimony. Moreover, Dr. Pratt has not been designated or qualified by plaintiff as an expert, and it is now far too late in the proceedings for such a designation. Indeed, in his letter to this Court dated January 4, 2007, Dr. Pratt correctly anticipated that expert testimony might be improperly sought from him. Letter from R. Pratt to Hon. Thomas Wheeler (Jan. 4, 2007) at ¶ 4 (predicting an apparent attempt "to use me as an expert witness").

Because plaintiff now seeks to obtain expert testimony from Dr. Pratt concerning matters that extend beyond the dates of his tenure as Chairman of the FHLBB, we respectfully request that the Court issue an order barring plaintiff from seeking any testimony from Dr. Pratt other

than fact testimony connected directly with his responsibilities as the Chairman of the FHLBB from 1981 to June 1983.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

February 20, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PRESENT THE TRIAL TESTIMONY OF DR. RICHARD T. PRATT BY VIDEO CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson