**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,** | |
| **Plaintiff,** | |
| **v.** | **No. 95-468C** |
| | **(Judge Thomas C. Wheeler)** |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM AND REQUEST FOR EXPEDITED CONSIDERATION**

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

KENNETH M. DINTZER
Assistant Director

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

March 6, 2007

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM AND REQUEST FOR EXPEDITED CONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. PLAINTIFF'S TAKINGS CLAIM MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . 2

A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Plaintiff's *Winstar*-Related Breach Of Contract Takings Claim Is Barred As A Matter Of Law And Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. IN THE ALTERNATIVE, ASTORIA SHOULD BE BARRED FROM PRESENTING EXPERT TESTIMONY CONCERNING THE VALUATION OF PLAINTIFF'S TAKINGS CLAIM AT TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. Even If Astoria Is Permitted To Present A Takings Claim, It Should Be Barred From Presenting Expert Testimony Concerning The Valuation Of Plaintiff's Takings Claim At Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

A.G. Route Seven Partnership v. United States,
57 Fed. Cl. 521 (2003) . . . . . . . . . . 5, 6

Admiral Fin. Corp. v. United States,
378 F.3d 1336 (Fed. Cir. 2004) . . . . . . . . . . 5, 6

Advanced America Services, Inc. v. United States,
32 Fed. Cl. 191 (1994) . . . . . . . . . . 7

Bailey v. United States,
341 F.3d 1342 (Fed. Cir. 2003) . . . . . . . . . . 5, 6

Bass v. Jostens, Inc.,
71 F.3d 237 (6th Cir. 1995) . . . . . . . . . . 7

Boyle v. United States,
200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 2

Castle v. United States,
301 F.3d 1328 (Fed. Cir. 2002) . . . . . . . . . . *passim*

Cont'l Water Co. v. United States, 231 Ct. Cl. 717 (1982) . . . . . . . . . . 9

Fed. Deposit Ins. Corp. v. United States ("Karnes"),
342 F.3d 1313 (Fed. Cir. 2003) . . . . . . . . . . 5, 6

Finley v. Marathon Oil,
75 F.3d 1225 (7th Cir. 1996) . . . . . . . . . . 9

First Fed. Savings Bank of Hegewisch v. United States,
57 Fed. Cl. 316 (2003) . . . . . . . . . . 5, 6

Granite Mgmt. Corp. v. United States,
55 Fed. Cl. 164 (2003) . . . . . . . . . . 5, 6

Hughes Commc'n Galaxy, Inc. v. United States,
271 F.3d 1060 (Fed. Cir. 2001) . . . . . . . . . . 4

LaVan v. United States,
382 F.3d 1340 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Mola Dev. Corp. v. United States,
74 Fed. Cl. 528 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Nat'l Hockey League v. Metro. Hockey Club, Inc.,
427 U.S. 639 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Nat'l Australia Bank v. United States,
55 Fed. Cl. 782 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

New York Life Ins. Co. v. United States,
190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Sacramento Mun. Util. Dist. v. United States,
63 Fed. Cl. 495 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Sun Oil Co. V. United States, 215 Ct.Cl. 716,
572 F.2d 786 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sys. Fuels, Inc. v. United States,
65 Fed. Cl. 163 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Trilogy Comm. v. Times Fiber Comm.,
109 F.3d 739 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES AND REGULATIONS**

Federal Rules of Civil Evidence, Rules 702, 703, or 705 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RCFC, Rule 12 (b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

RCFC, Rule 26(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

RCFC, Rule 26(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 10

RCFC, Rule 26(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

RCFC, Rule 26(e)(2) . . . . . . . . . . 7

RCFC, Rule 37 . . . . . . . . . . 7

RCFC, Rule 37(b)(2) . . . . . . . . . . 7

RCFC, Rule 37(c)(1) . . . . . . . . . . 1, 7, 10

**MISCELLANEOUS**

Procedural Order No. 2: Discovery Plan
(Aug. 7, 1997) § V(A)(1-4) . . . . . . . . . . 7

7 Moore’s Federal Practice,
(Matthew Bender 3d. Ed.), § 37.50 . . . . . . . . . . 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 95-468C**<br>**(Judge Thomas C. Wheeler)** |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the takings claim, Count V of the complaint, of plaintiff, Astoria Federal Savings and Loan Association ("Astoria"), as this claim is barred by binding precedent of the Court of Appeals for the Federal Circuit. In the alternative, pursuant to Rules 26(a)(2)(C) and 37(c)(1), we respectfully request that the Court preclude the presentation at trial of any expert opinion by plaintiff concerning the calculation of plaintiff's takings claim damages because it has never presented any expert report or testimony concerning the methodology or amount of such damages.

We request expedited consideration of this motion so that the parties do not waste the limited remaining time prior to trial -- or the limited time during trial -- presenting and responding to claims that are barred as a matter of law, and which, in any event, having never been described before in terms of methodology or amount, cannot be disclosed for the first time at trial.

# ARGUMENT

## I. PLAINTIFF'S TAKINGS CLAIM MUST BE DISMISSED

### A. Standard Of Review

Dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6) is appropriate when the facts as asserted in the complaint do not entitle the plaintiff to a legal remedy. New York Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999). The court should review the motion for dismissal by accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of the plaintiff. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). However, if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief," the claim may be properly dismissed. Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1131 (Fed. Cir. 1998); see also Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

### B. Plaintiff's *Winstar*-Related Breach Of Contract Takings Claim Is Barred As A Matter Of Law And Must Be Dismissed

On February 21, 2003, plaintiff and defendant filed a joint stipulation whereby the United States stipulated "to the existence of a contract and the breach of that contract, as alleged in Count I of Astoria's complaint." Joint Stipulation (Feb. 21, 2003). Accordingly, this Court issued an order noting that "defendant no longer contests count I of the subject complaint, a breach of contract claim involving the accounting treatment of goodwill and a capital credit," and it dismissed Counts II through IV of the complaint. Order (Mar. 3, 2003).

In its recently filed Memorandum of Contentions of Fact and Law, plaintiff, citing the opinion of the Court of Appeals for the Federal Circuit in Castle v. United States, 301 F.3d 1328 (Fed. Cir. 2002), recognized "that precedent binding on the Court of Federal Claims precludes

recovery under a Fifth Amendment takings theory when a contract remedy is available." Pl. Mem. (Feb. 15, 2007) at 63 n.215.

Despite plaintiff's stipulated acknowledgment of a contract between it and the Government and a breach of that contract by the Government; despite this Court's order recognizing that we do not contest plaintiff's breach of contract claim; and despite what plaintiff admits is "precedent binding" on this Court, plaintiff maintains, citing decisions of this Court (and not the Federal Circuit) issued in two *non*-Winstar-related decisions, that its takings claim is "preserved after a finding of breach of contract when damages remain[] an outstanding issue." Pl. Mem. (Feb. 15, 2007) at 63 n.215 (citing Sacramento Mun. Util. Dist. v. United States, 63 Fed. Cl. 495, 501 (2005) and Sys. Fuels, Inc. v. United States, 65 Fed. Cl. 163, 172 (2005)).

In its six-page discussion of its takings claim, plaintiff makes no attempt to distinguish Castle and its binding precedent from the circumstances in this case. Nor could it. In Castle, the Federal Circuit affirmed the dismissal of plaintiffs' takings claim. The denial of plaintiffs' takings claim there was not affected by the court's other findings that plaintiffs "were not entitled to damages due to the breach of contract" (Castle, 301 F.3d at 1339), "even assuming the enactment and enforcement of FIRREA breached a contract the government had with [plaintiffs]." Id. at 1342. Thus, plaintiff's attempt to justify its assertion of a takings claim here based on the possibility that it might not receive any damage award pursuant to the damage theories *it chose to present* at trial adds nothing to a proper takings analysis. Plaintiff's argument

that takings claims should be preserved when there is an "outstanding issue" of breach of contract damages is, in fact, a red herring.[1]

The proper analytical focus concerning a takings claim in the Winstar-context has been resolved by the Federal Circuit. The issue is not whether a plaintiff can obtain the breach of contract damages remedies it chooses to present to the trial court. Instead, properly considered, the issue is whether a Winstar-plaintiff's contract-based takings claim can be based upon a reasonable investment-backed expectation. The Federal Circuit instructs that it cannot:

> The breach-of-contract based takings claim fails because even assuming it was breached, the alleged contract did not create a reasonable expectation that the government would cease regulating the thrift industry, or any particular thrift therein. As the Supreme Court noted in Winstar:
>
> > "[b]anking is one of the longest regulated and most closely supervised of public callings." That is particularly true of the savings and loan, or "thrift," industry, which has been described as "a federally-conceived and assisted system to provide citizens with affordable housing funds. . . ."
>
> The plaintiffs received no contractual guarantee that the government would refrain from regulating [the thrift]. At most, the contract promised either to regulate [the thrift] consistently with the contract's terms, or to pay damages for breach. . . . Thus, by enacting FIRREA, the government did not deprive the plaintiffs from a contractual remedy – injunctive relief – to which they

---

[1] Moreover, plaintiff's argument explains too much. If its position was correct, "then nearly all Government contract breaches would give rise to compensation under the Fifth Amendment." Hughes Commc'n Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001). Instead, the Federal Circuit "has cautioned against commingling takings compensation and contract damages," noting that "'the concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily created by contract. In such instances, interference with such contractual rights generally gives rise to a breach claim not a taking claim.'" Id. (quoting Sun Oil Co. v. United States, 215 Ct. Cl. 716, 572 F.2d 786, 818 (1978)).

> otherwise might have been entitled against a private defendant. Nor did FIRREA remove the plaintiffs' cause of action for damages.

Castle, 301 F.3d at 1342 (citations omitted).

The bases of the Federal Circuit's takings claims analysis in the Winstar-related cases set forth in Castle -- that plaintiff thrifts could not have had an expectation that banking regulations would not change and that FIRREA let remain the same type of contractual remedies plaintiffs would have had against a private defendant -- has been recognized repeatedly by the Federal Circuit. See, LaVan v. United States, 382 F.3d 1340, 1351-52 (Fed. Cir. 2004); Admiral Fin. Corp. v. United States, 378 F.3d 1336, 1340 (Fed. Cir. 2004); Federal Deposit Insurance Corp. v. United States, 342 F.3d 1313, 1320 (Fed. Cir. 2003) ("Karnes"); Bailey v. United States, 341 F.3d 1342, 1347 (Fed. Cir. 2003). In short, the Castle decision is dispositive of a takings claim brought by a thrift based upon a breach of contract caused by the passage of FIRREA. Indeed, the Federal Circuit itself has recognized that *it* is bound by the Castle decision. See Karnes, 342 F.3d at 1320 ("This panel, however, is bound by Castle and cannot overrule it.").

Given the Federal Circuit's recognition that *it* is bound by the Castle decision, it follows that this Court has repeatedly held that it, too, is bound by the Castle decision: "After the Castle opinion was issued, this Court has routinely dismissed all Winstar-related takings claims." Mola Dev. Corp. v. United States, 74 Fed. Cl. 528, 546 (Fed. Cl. 2006). In support of this proposition, the Mola Court cited A.G. Route Seen Partnership v. United States, 57 Fed. Cl. 521, 535 (2003), First Federal Savings Bank of Hegewisch v. United States, 57 Fed. Cl. 316, 318-19 (2003), National Australia Bank v. United States, 55 Fed. Cl. 782, 789 (2003), and Granite Management Corp. v. United States, 55 Fed. Cl. 164, 167 (2003), all decisions issued since Castle was issued dismissing plaintiffs' takings claims.

Thus, plaintiff's citations to two non-Winstar cases are beside the point. Those cases do not concern the issue of a thrift's reasonable expectations concerning the regulation of the banking industry, nor do they concern the fact that FIRREA let remain plaintiffs' breach of contract claims against the Government. Accordingly, this Court should adhere to the binding precedent -- which Astoria both candidly admits exists and then proceeds to ignore -- requiring the dismissal of its takings claim. See LaVan, 382 F.3d at 1351-52; Admiral, 378 F.3d at 1340; Karnes, 342 F.3d at 1320; Bailey, 341 F.3d at 1347; Castle, 301 F.3d at 1342; Mola, 74 Fed. Cl. at 546; A.G. Route, 57 Fed. Cl. at 535; Hegewisch, 57 Fed. Cl. at 318-19; Nat'l Australia Bank, 55 Fed. Cl. at 789; Granite, 55 Fed. Cl. at 167.

## III. IN THE ALTERNATIVE, ASTORIA SHOULD BE BARRED FROM PRESENTING EXPERT TESTIMONY CONCERNING THE VALUATION OF PLAINTIFF'S TAKINGS CLAIM AT TRIAL

### A. Standard Of Review

Rule 26(a)(2)(C) of the Rules of the United States Court Of Federal Claims ("RCFC") requires that a witness who gives expert testimony pursuant to the Federal Rules of Civil Evidence, Rules 702, 703, or 705, provide a written report "at the times and in the sequence directed by the court." The expert report must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions;" and any exhibits to be used as support for the opinions.

Rule 37(c)(1), provides, in part:

> A party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing or on a motion any witness or information not so disclosed.

Id.

The purpose of the remedies imposed by Rule 37 are well-established. Rule 37(b)(2) was designed to deter discovery abuses, to punish the offending party, and to encourage the full disclosure of information prior to trial. Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) (citing Nat’l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976)); Advanced America Services, Inc. v. United States, 32 Fed. Cl. 191, 193 (1994). By themselves, the dual goals of "[p]unishment and deterrence are valid and important considerations in determining whether to impose sanctions for failure to comply with a discovery rule." 7 James Wm. Moore, et al., Moore's Federal Practice, § 37.50 (3d. ed. 1999).

In addition to the restrictions on expert testimony set forth in the Rules of this Court, the procedural orders applicable to the Winstar-related cases filed by this Court state that no testimony shall be received by plaintiff’s expert if it has not been properly disclosed in a written report, annexing all data or information considered by the expert in forming his opinion, and served upon defendant within 60 days of the initial identification of plaintiff’s expert. See Procedural Order No. 2: Discovery Plan (Aug. 7, 1997) at § V(A)(1-4) (“If a plaintiff fails to comply with the provisions of this section with regard to any expert witness it proposes to call, no opinion will be received from that witness on behalf of that plaintiff”). Plaintiff identified its expert, Dr. Kaplan, on May 3, 2001. Thus, plaintiff was required to disclose any expert opinions

of Dr. Kaplan concerning a takings claim almost six years ago. Furthermore, because plaintiff has identified no other expert at trial, no other person (including Astoria's counsel) can provide expert testimony concerning the methodology or valuation of Astoria's takings claim.

**B. Even If Astoria Is Permitted To Present A Takings Claim, It Should Be Barred From Presenting Expert Testimony Concerning The Valuation Of Plaintiff's Takings Claim At Trial**

Should this Court permit plaintiff's takings claim to go forward at trial despite the binding precedent cited above, it should, nonetheless, bar plaintiff from presenting any expert testimony or report concerning its takings claim. Plaintiff has *never* articulated how it contends it was harmed by the purported takings of its contract claims. Its experts never set forth any theory or method of calculating the purported takings damages. It has simply sat on its takings claim for twelve years without ever having articulated in any manner the nature or amount of its takings claim. Indeed, even in its recently filed memorandum of contentions of law and fact, plaintiff fails to disclose the manner in which it proposes these damages be assessed. Instead, plaintiff's sole statement concerning its takings claim is that it will present at trial the value of its contractual "property at the time the taking occurred." Pl. Mem. (Feb. 27, 2007) at 68. This statement adds nothing to disclose the method, amount, manner of calculation, offsets, reasonableness, or any other factor concerning its takings claim. Its statement is, in fact, an admission that it believes it need not disclose its takings claim in advance of trial to either this Court or the defendant. Such a strategy cannot be countenanced by the rules of this Court, the rules applicable to the Winstar-related cases, or case law concerning the requirements of pre-trial expert disclosure.

To be sure, there can be little doubt that, if plaintiff attempts to set forth any methodology or calculation with respect to "the value of the [contractual] property at the time the taking occurred," it will be required to rely upon expert testimony. Indeed, issues of valuation are classic areas where expert testimony is required. "Valuation of property is at best an inexact science or highly imprecise art, and there are as many approaches to valuation as there are valuation experts." Cont'l Water Co. v. United States, 231 Ct. Cl. 717 (1982).

This Court requires that any expert testimony presented at trial be disclosed well in advance of trial. The leading case from the Federal Circuit, Trilogy Comm. v. Times Fiber Comm., 109 F.3d 739 (Fed. Cir. 1997), discusses the circumstances in which previously undisclosed expert testimony should be excluded, invoking precedent of the Fifth Circuit (which was applicable in that case):

> In determining whether the court abused its discretion in striking expert testimony from the record, the following four factors are to be considered:
> (1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, (4) the availability of a continuance to cure such prejudice.

The court in Trilogy weighed each of the factors enumerated above and concluded that the District Court judge did not abuse its discretion in striking "new opinions not found in the original report." Trilogy, 109 F.3d at 744.

Here, all of the factors cited by the Federal Circuit in Trilogy require the exclusion of expert testimony concerning plaintiff's takings claims: (1) the excluded testimony is critical given that *no* testimony has been given to us concerning the method or amount of plaintiff's takings claim; (2) there can be no explanation for plaintiff's disregard -- for six years -- of its

disclosure obligations; (3) the prejudice to us is great considering we must prepare for trial without any idea of the method or amount of the takings claim; and (4) a continuance to provide plaintiff with an opportunity to cure would be ill-advised given that we have already undergone months of pretrial preparation and trial is now less than eight weeks away.

The Seventh Circuit Court of Appeals offered an even stronger opinion in Finley v. Marathon Oil, 75 F.3d 1225 (7th Cir. 1996), holding that undisclosed expert testimony must not be permitted into evidence. There, the court held:

> The federal civil rules, as recently revamped, require disclosure to one's opponent of expert testimony intended for use as rebuttal evidence within 30 days of the opponent's disclosure of his expert testimony, unless the district court otherwise directs or the parties otherwise stipulate. Fed.R.Civ.P. 26(a)(2)(C). The Finleys missed the deadline by months, courting exclusion. New Rule 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) ... *shall* not, unless such failure is harmless, be permitted to use as evidence at a trial ... any ... information not so disclosed" (emphasis added). The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.

Id. at 1230. The court proceeded to note that the sanctioned party failed to show that their failure to disclose the expert opinion offered at trial was justified or harmless.

The above-cited cases suggest that any time important expert opinion enters the record that had not been previously disclosed in the expert report and which is prejudicial to the opposing party, the offending opinion should be automatically stricken -- and any failure to do so would be reversible error.

Here, it would be unfair, prejudicial, against the rules of this Court, and against the specific procedural rules applicable to this case, if this Court were to permit plaintiff to provide at

trial -- for the first time in this case -- expert opinion concerning the methodology or quantum of their takings claim. The prejudice is readily apparent. For example, our experts would have to consider and analyze methodologies and calculations not presented until days before their testimony in this case, while plaintiff has had, literally, years to consider its takings valuation methodology and calculations. Furthermore, our cross examination of plaintiff's fact and expert witnesses concerning this issue would be impacted significantly, having little or no time to prepare with respect to plaintiff's currently undisclosed takings claim. Accordingly, even if this Court does not dismiss plaintiff's takings claim, it should, at the least preclude plaintiff from presenting any expert opinion concerning its takings claim at trial.

In short, for all of the reasons why "trial by ambush" is not a permissible litigation strategy, we would be prejudiced if plaintiff is permitted to disclose the methodologies and calculations involved in plaintiff's takings claim for the first time at trial.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss plaintiff's takings claim (count V of its complaint). In the alternative, we respectfully request that the Court preclude plaintiff's presentation of any expert opinion concerning its takings claim at trial. Given the limited time prior to the commencement of trial in this case, we ask for expedited consideration.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer by Jeanne E. Davidson
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

March 6, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson