# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-468C<br>(Judge Wheeler) |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS EXHIBIT LIST (EXPEDITED CONSIDERATION REQUESTED)

Plaintiff Astoria Federal Savings and Loan Association moves to amend its Revised Exhibit List to include certain exhibits it intended to put on its Exhibit List but which were inadvertently left off the list. Astoria's counsel asked counsel for the Defendant by e-mail today whether or not the Defendant will oppose this motion, but it has gotten no reply. Since time is a consideration, Astoria has decided to proceed with the motion.

Among the witnesses Astoria intends to call at trial are Dr. Richard Pratt, the Chairman of the Federal Home Loan Bank Board from 1980 to 1983, and H. Brent Beesley, the Director of the Federal Savings and Loan Insurance Corporation from 1980 to 1983. Both of these senior regulators gave so-called "common depositions" in the *Winstar* cases in 1998 at which a number of documents were marked as exhibits. While Astoria cannot offer the common depositions into evidence at trial, it does plan to question both witnesses on many of the matters which were

covered in the "common depositions," and it planned to offer as exhibits many of the documents marked as exhibits at those depositions. When Astoria's Exhibit List was prepared and filed on February 15, 2007, the Beesley exhibits were included on the list, but inadvertently the Pratt exhibits were not included. Astoria's counsel did not notice the omission of the Pratt exhibits until yesterday when he attempted to look up trial exhibit numbers for documents referenced in the outline of Dr. Pratt's testimony.

Astoria's counsel very much regrets the inadvertent omission of the Pratt exhibits. However, the addition of these prospective exhibits to Plaintiff's Exhibit List will not impose hardship or visit unfair surprise upon Defendant. The Department of Justice, which represented Mr. Pratt at his December 2, 1998 common deposition, is fully familiar with that deposition and with the exhibits to it. Astoria identified Dr. Pratt as a trial witness in both its November 29, 2006 and February 15, 2007 pretrial filings, and Astoria's description of his proposed testimony, a copy of which is attached to this Motion, makes it clear that the scope of his trial testimony will parallel substantially his testimony in the common deposition. It would scarcely come as a surprise to Defendant or its counsel, that Astoria planned to use exhibits from the common deposition at trial.

The exhibits also do not introduce any new issues into the case. The bulk of the exhibits are articles written by Dr. Pratt and transcripts of his testimony at Congressional hearings about the state of the thrift industry and Bank Board initiatives to deal with the industry's problems. The principal purpose served by the exhibits is likely to be the refreshing of Dr. Pratt's recollection about events that occurred some twenty-five years ago.

The exhibits Astoria seeks to add are small in number when compared to the volume of exhibits already identified in the case: Astoria requests to add a total of 30 additional exhibits. There are currently approximately 1333 exhibits identified on Astoria's exhibit list and approximately 1758 exhibits on the Department's exhibit list.

Although this request regrettably comes after Astoria filed its Exhibit List with the Court, this request is made 21 days before the trial is to start, which should allow Defendant adequate time to prepare for their use, and 3 days before the filing deadline for the parties' objections to exhibits. Defendant would have sufficient time to review and object to the exhibits prior to trial.

For the foregoing reasons, Astoria respectfully requests that the Court grant it leave to amend its exhibit list to include Mr. Pratt's common deposition exhibits. Because Astoria plans to call Dr. Pratt as its first witness on April 19, 2007, Astoria requests expedited consideration of this motion.

Respectfully submitted,

/s/ Frank J. Eisenhart
Frank J. Eisenhart
*Counsel of Record*
Catherine Botticelli
Tara R. Kelly
Catherine Stahl
Dechert LLP
1775 I St., N.W.
Washington, DC 20006
202.261.3306
202.261.3333 (Fax)

*Attorneys for Plaintiff*
*Astoria Federal Savings & Loan Association*

March 29, 2007

**Dr. Richard T. Pratt**
1694 South Mohawk Way
Salt Lake City, UT 84108

Dr. Pratt was Chairman of the Federal Home Loan Bank Board from 1981 through 1983. He will testify concerning conditions in the savings and loan industry during the years he was Chairman, about regulatory issues facing the Bank Board during those years, about legislative and regulatory changes in the industry during those years and about the economic climate of those years as it affected the industry. Dr. Pratt's direct examination is expected to take approximately 4 hours. Due to his age and physical condition, Plaintiff will seek leave to present Dr. Pratt's testimony by remote video feed from a location near his home.

**Michael Spaid**
Manager, Closings and Deposit Claims Unit
Receivership Operations Branch
Division of Resolutions and Receiverships
Federal Deposit Insurance Corporation
1776 F Street, NW
Washington, DC 20006

Mr. Spaid joined the FSLIC's Mergers and Acquisitions Division in 1984 as a financial analyst but assumed greater responsibility in the case of the Fidelity/Suburbia merger because his Supervisor was on leave at the time. Mr. Spaid will testify generally about the Fidelity/Suburbia merger, including efforts to market Suburbia, review and approval of merger proposals, negotiation and review of transaction documents, the terms and conditions of the merger agreement, the accounting for the merger, analyses done in support of the merger, requirements to cost out alternatives to any proposal, liquidation as an alternative, the cost of liquidation, the approval process, and the approval of the Fidelity/Suburbia merger. Mr. Spaid is currently a Government official and is being represented by the Department of Justice. Leave will be sought

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, a copy of the foregoing **Plaintiff's Motion For Leave To Amend Its Exhibit List (Expedited Consideration Requested)** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Frank J. Eisenhart
Frank J. Eisenhart