# In the United States Court of Federal Claims

No. 95-468C

(Filed: April 3, 2007)

```
****************************************** *
                                           *
ASTORIA FEDERAL SAVINGS & LOAN             *
ASSOCIATION,                               *
                                           *
                    Plaintiff,             *
                                           *
 v.                                        *
                                           *
THE UNITED STATES,                         *
                                           *
                    Defendant.             *
                                           *
****************************************** *
```

ORDER

The Court has before it four pretrial motions filed by the parties in anticipation of the trial beginning on April 19, 2007. The Court hereby provides the following rulings:

1. Defendant's Motion for Leave to Revise by Supplemental Update the Expert Witness Report of Dr. David Rochester, filed February 8, 2007. Defendant has stated that Plaintiff does not object to this update on grounds of timeliness, but does object as a general matter to the relevance of Dr. Rochester's opinion on Plaintiff's damages claims. Plaintiff has not filed a response to this motion. For good cause shown, Defendant's motion is GRANTED.

2. Plaintiff's Motion to Present Deposition Testimony at Trial, filed February 13, 2007. Plaintiff has moved to offer selected portions of the deposition testimony of Andrew Kane, Jr. and Christopher Quackenbush as evidence at trial as part of its case in chief. Plaintiff states that both of these persons are deceased. Defendant has not filed a response to this motion. For good cause shown, Plaintiff's motion is GRANTED. Defendant will be afforded the opportunity to lodge any well-founded evidentiary objections to this testimony at the time of proffer.

3. Plaintiff's Motion In Limine to Bar Evidence of the OTS Investigation of Bruno Greco and Thomas Dixon Lovely and Their Voluntary Settlement With OTS, filed March 14, 2007. Plaintiff seeks to bar Defendant from introducing at trial evidence relating to an Office of Thrift Supervision (OTS) investigation of Mr. Greco and Mr. Lovely that culminated in a consent decree banning them from participation in the banking industry, and requiring their payment of $190,000. Defendant opposed Plaintiff's motion in a response filed March 30, 2007. In considering the competing viewpoints of the parties, the Court finds that Defendant has made a sufficient showing of relevance to go forward. The Court does not find that the subject matter in question is so patently irrelevant as to declare it "off limits" through the granting of a motion *in limine*. The evidence may be relevant in assessing the financial condition of Fidelity before and after FIRREA, and in weighing the credibility of the witnesses. Accordingly, Plaintiff's motion is DENIED.

4. Defendant's Motion for Leave to Present Deposition Testimony at Trial, filed March 15, 2007. As in the case of Plaintiff's motion, filed February 13, 2007, Defendant seeks to leave to offer deposition testimony of Henry Drewitz, Andrew Kane, Jr., and Christopher Quackenbush. Defendant states that these persons are deceased. With regard to this motion, Defendant also has filed a motion for leave to file a corrected copy of its motion, and a motion to amend the same (docket entries 184 and 185). Plaintiff has not filed a response to these motions. For good cause shown, Defendant's motions are GRANTED. Plaintiff will be afforded the opportunity to lodge any well-founded evidentiary objections to this testimony at the time of proffer.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge