IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 95-468C (Judge Thomas C. Wheeler) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION**
**<u>TO DISMISS PLAINTIFF'S TAKINGS CLAIM</u>**

In its March 6, 2007 motion, the Department of Justice requested that the Court dismiss Plaintiff Astoria Federal Savings & Loan's takings claim, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims. In addition, the Department requested that the Court preclude expert testimony at trial concerning the calculation of Astoria's takings claim damages.

Whether Astoria has a viable takings claim remains an open question to be decided by the Court. The Federal Circuit has not ruled conclusively whether a takings claim persists until contract damages are determined or if the claim terminates on the finding of breach of contract. Furthermore, if Astoria's takings claim survived the determination of breach of contract, recent case law supports a finding of reasonable investment-backed expectations despite the fact that banking is a highly regulated field.

Astoria does not intend to offer additional expert testimony on the issue of its takings damages. As a result, Section II of the Department's motion is moot.

For the reasons set forth in more detail in the accompanying Memorandum, the Department's motion should be denied.

/s/ Frank J. Eisenhart
Frank J. Eisenhart
Counsel of Record
Catherine Botticelli
Tara R. Kelly
Catherine Stahl
Dechert LLP
1775 I Street, NW
Washington, DC 20006
Tel.: 202.261.3306
Fax: 202.261.3333

Attorneys for Plaintiff
Astoria Federal Savings and
Loan Association

April 3, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, a copy of the foregoing **Response to Defendant's Motion to Dismiss Plaintiff's Takings Claim** and the **Memorandum in Support of Response to Defendant's Motion to Dismiss Plaintiff's Takings Claim** were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Frank J. Eisenhart
Frank J. Eisenhart

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 95-468C<br>(Judge Thomas C. Wheeler) |

**MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM**

Astoria requests that the Court deny the Department's motion to dismiss Astoria's takings claim. Astoria's takings claim should persist until the Court makes a final determination on contract damages. In the event that the Court finds that Astoria has no remedy under the law of contracts, Astoria asks the Court to consider its takings claim. In 1989, the Government took Fidelity's property without just compensation when the Government withdrew Fidelity's legal right to count supervisory goodwill toward its regulatory capital. That Fidelity operated in a highly regulated industry does not give the Government the right to refuse to honor its obligations without repercussions.

## I. Plaintiff's Takings Claim Should Not Be Dismissed Because Whether a Takings Claim Remains Viable After a Finding of Breach of Contract Is an Open Question in the Federal Circuit

It remains an open question whether a takings claim survives until contract damages are determined, or if a takings claim is immediately foreclosed at the finding of breach of contract.

Case law subsequent to the Federal Circuit's 2002 decision in *Castle v. United States* provides important insight into this question. In 2005, the Court of Federal Claims held that it was appropriate to proceed with both a contract claim and a takings claim until the contract claim was fully litigated because it was otherwise impossible to determine if the contract claim was viable. *System Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 172 (2005). The Court addressed the conflicting precedent on the issue and explained that "some decisions of the court have dismissed takings claims once the government has been held liable for breach of contract prior to addressing damages under a contractual theory, while others preserve both claims until final judgment is rendered." *Id.* As an example, the court cited a recent decision in which a takings claim was preserved after a finding of breach of contract when damages remained an outstanding issue. *Id.* (citing *Sacramento Mun. Util. Dist. v. United States*, 63 Fed. Cl. 495, 501 (2005)). The court in *System Fuels* reached the ultimate conclusion that "maintaining both claims is a more appropriate course prior to the time judgment is rendered on the contract claims." *Id.* at 173. Since the Court of Appeals for the Federal Circuit has not yet resolved the issue of when a takings claim is no longer a viable alternative to a contract remedy, Astoria's takings claim should survive until the Court reaches a final judgment on the issue of damages.

## II. Recent Federal Circuit Case Law Supports a Finding of Reasonable Investment-Backed Expectations, Even in a Highly Regulated Field

The Department's contention that Fidelity could not have had reasonable investment-backed expectations as a result of its contract with the government is also incorrect. Reasonable expectations can support a valid property interest, even in a highly regulated industry. "[T]he abrogation by legislation of clear, unqualified contract rights requires a remedy, even in a highly

regulated industry, [such as banking], because the contracts embodies the commitments of the contracting parties." *System Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 172 (2005) (citing *Cinega Gardens v. United States*, 331 F.3d 1319, 1334) (Fed. Cir. 2003)). This holds true in the *Winstar* context. *See, e.g., Ambase Corp. v. United States*, 58 Fed. Cl. 32 (2003). The Court of Federal Claims has acknowledged that the concept of investment-backed expectations in a regulated industry has been frequently misinterpreted to the point that it appeared that "no taking claim may be brought in an area such as banking because the investors should expect 'any' regulatory exaction." *Id.* at 50. The Court further explained that "even in an area as highly regulated as banking, numerous possible government actions would invoke the Fifth Amendment." *Id.* at 51. The Government cannot escape its contractual obligations to Astoria simply because it contracted with a party who operated in a highly regulated industry.

## III. Astoria Does Not Intend to Offer Additional Expert Evidence in Support of Its Takings Claim

Astoria does not intend to offer any expert evidence in support of its takings claim other than the Kaplan Expert Report. At trial, Astoria will present both expert and non-expert evidence of how Fidelity was harmed by the Government's breach of contract. The Court can determine an appropriate remedy for Astoria's takings claim based on this evidence.

## Conclusion

Whether Astoria has a valid takings claim is an open question before the Court. Recent case law supports Astoria's position that its takings claim should persist until the issue of contract damages has been determined and that the Court can find reasonable investment-backed expectations, even in a highly regulated field. Astoria does not intend to offer additional expert

testimony on the issue of takings claim damages, therefore, Section II of the Department's motion is moot. For the aforementioned reasons, Astoria requests that the Court deny the Department's motion to dismiss Astoria's takings claim.

/s/ Frank J. Eisenhart
Frank J. Eisenhart
Counsel of Record
Catherine Botticelli
Tara R. Kelly
Catherine Stahl
Dechert LLP
1775 I Street, NW
Washington, DC 20006
Tel.: 202.261.3306
Fax: 202.261.3333

Attorneys for Plaintiff
Astoria Federal Savings and
Loan Association

April 3, 2007