**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,** | |
| **Plaintiff,** | |
| **v.** | **No. 95-468C** |
| | **(Judge Thomas C. Wheeler)** |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant, the United States, respectfully submits its reply in further support of its motion to dismiss the takings claim of plaintiff, Astoria Federal Savings and Loan Association ("Astoria"). We request expedited consideration of this motion so that the parties do not waste the limited time during trial discussing claims that are barred as a matter of law.

## ARGUMENT

## I. ASTORIA'S TAKINGS CLAIM SHOULD BE DISMISSED

Astoria's response to our motion to dismiss does nothing to rebut the fact that its takings claim has no viable basis as a matter of law and should now be dismissed. Most importantly, Astoria fails to discuss or distinguish the binding precedent of the Court of Appeals for the Federal holding that, where a Winstar plaintiff has a breach of contract claim, its takings claim is barred as a matter of law. See Castle v. United States, 301 F.3d 1328, 1342 (Fed. Cir. 2002); see also LaVan v. United States, 382 F.3d 1340, 1351-52 (Fed. Cir. 2004); Admiral Fin. Corp. v. United States, 378 F.3d 1336, 1340 (Fed. Cir. 2004); Federal Deposit Insurance Corp. v. United

States, 342 F.3d 1313, 1320 (Fed. Cir. 2003) ("Karnes"); Bailey v. United States, 341 F.3d 1342, 1347 (Fed. Cir. 2003). Astoria's failure to discuss Castle and its progeny from the Federal Circuit is all the more remarkable given its prior admission "that precedent binding on the Court of Federal Claims precludes recovery under a Fifth Amendment takings theory when a contract remedy is available." Pl. Mem. (Feb. 15, 2007) at 63 n.215 (citing Castle v. United States, 301 F.3d 1328 (Fed. Cir. 2002)).

Instead of discussing the Castle decision, Astoria cites to two non-Winstar cases to support its invitation to this Court that here, for the first time following Castle, a Winstar plaintiff that is bringing a breach of contract claim should be permitted to also maintain a takings claim. That invitation by Astoria should be rejected. Instead, this Court should follow the long line of cases issued by this Court after the Castle decision rejecting Winstar plaintiffs' takings claims. See Mola Dev. Corp. v. United States, 74 Fed. Cl. 528, 546 (Fed. Cl. 2006); Ambase Corp. v. United States, 58 Fed. Cl. 32, 52 (2003); A.G. Route Seven P'ship v. United States, 57 Fed. Cl. 521, 535 (2003), First Fed. Sav. Bank of Hegewisch v. United States, 57 Fed. Cl. 316, 318-19 (2003), Nat'l Australia Bank v. United States, 55 Fed. Cl. 782, 789 (2003); Granite Mgmt. Corp. v. United States, 55 Fed. Cl. 164, 167 (2003).

In support of its argument that it should be permitted to pursue both a breach of contract claim and takings claim, Astoria discusses only one Winstar-related case, Ambase, 58 Fed. Cl. 32. Pl. Mem. (April 3, 2007) at 3. While discussing and quoting the Ambase opinion, however, Astoria failed to disclose Ambase's holding. The Ambase Court dismissed plaintiffs' takings claims -- citing the Federal Circuit's opinion in Castle -- for the same reasons that Astoria's takings claim should be dismissed here: A "takings claim can only exist if there is no remedy

other than a takings claim for the government's breach of contract," and that cannot be the case where "plaintiffs retained [the] full range of contract remedies associated with any contractual property right they possessed."). Ambase, 58 Fed. Cl. at 52 (citing Castle, 301 F.3d at 1341-42)).

Apart from the fact that the holding of Ambase directly contradicts the position Astoria advocates before this Court, the text from Ambase cited by Astoria offers no support for its argument here. Indeed, the cited passage is beside the point. Astoria cites the Ambase Court's discussion that, as a theoretical matter, a takings claim could occur with regard to an institution in the banking industry. For example, the Ambase Court posited the hypothetical notion (as unlikely as it might be) that, if the Government "confiscat[ed] a healthy and legally compliant bank to serve as a government bank," that could constitute a taking under the Fifth Amendment. Ambase, 58 Fed. Cl. at 51. While that may be the case, it has no bearing on the takings claims brought by numerous Winstar plaintiffs. The Court's dismissal of the plaintiffs' takings claim in Ambase demonstrates that fact unequivocally. The Ambase Court dismissed plaintiffs' takings claims because there, as here, the plaintiffs had pending contractual claims. Accordingly, Astoria's citation to Ambase offers no support to its argument that its takings claim is viable.

Therefore, based upon the binding precedent of the Federal Circuit and in accord with the long line of Winstar-related decisions of this Court, Astoria's takings claim should now be dismissed. See LaVan, 382 F.3d at 1351-52; Admiral, 378 F.3d at 1340; Karnes, 342 F.3d at 1320; Bailey, 341 F.3d at 1347; Castle, 301 F.3d at 1342; Mola, 74 Fed. Cl. at 546; Ambase, 58 Fed. Cl. at 52; A.G. Route, 57 Fed. Cl. at 535; Hegewisch, 57 Fed. Cl. at 318-19; Nat'l Australia Bank, 55 Fed. Cl. at 789; Granite, 55 Fed. Cl. at 167.

## II. IN THE ALTERNATIVE, ASTORIA SHOULD BE PRECLUDED FROM OFFERING ANY EXPERT TESTIMONY WITH RESPECT TO ITS TAKINGS CLAIM

Finally, Astoria argues that our motion to preclude expert testimony is moot because it "does not intend to offer *additional* expert testimony on the issue of its takings damages." Pl. Resp. (April 3, 2007) at 1 (emphasis added). A close reading of plaintiff's brief reveals why our motion is not moot. Our motion was meant to preclude *any* expert testimony with regard to takings claims. Plaintiff has never offered *any* expert opinion concerning takings claim damages. It cannot convert existing expert opinion by its expert, Dr. Kaplan, concerning a different type of damage, for example, concerning restitution, reliance, or lost profits, into a measure of just compensation for a takings claim. Yet, apparently, this is the general notion of what Astoria intends to do at trial: "Astoria does not intend to offer any expert evidence in support of its takings claim *other than the Kaplan Expert Report*." Pl. Mem. (April 3, 2007) (emphasis added).[1] Dr. Kaplan never opined that any of his damage analysis would be appropriate for a takings claim, and he and Astoria should be barred from making that assertion for the first time at trial. Accordingly, our motion to bar any expert testimony concerning

---

[1] Plaintiff's claim that their breach of contract claims will be no different than their takings claim only underscores why its takings claims are barred. It has been given an opportunity to set forth its purported breach of contract damages. It is a fundamental misunderstanding of takings law to suggest, as Astoria does, that it should be given the opportunity to assert a takings claim for the exact same amounts as those presented in its breach of contract claim -- if it fails to prove those breach of contract damages at trial. Moreover, Astoria makes no attempt to explain why, if it failed to prove its breach of contract damages, the same proof would nonetheless be sufficient to prove just compensation under a takings analysis. See, e.g., Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (lost sales and lost profits "involve the very kind of conjectural and speculative analysis the courts consistently reject as a basis for determining just compensation under the Fifth Amendment").

plaintiff's takings claim is not moot. Having never disclosed any theory of takings damages prior to trial, plaintiffs should, at the very least, be barred from asserting any such theory at trial.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in our initial motion, we respectfully request that the Court dismiss plaintiff's takings claim (Count V of its complaint). In the alternative, we respectfully request that the Court preclude plaintiff's presentation of any expert opinion concerning its takings claim at trial. Given the limited time prior to the commencement of trial in this case, we ask for expedited consideration.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 353-7972
Fax (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
BRIAN A. MIZOGUCHI
JOHN J. TODOR
SAMEER YERAWADEKAR

April 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2007, a copy of the foregoing "DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S TAKINGS CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson