# In the United States Court of Federal Claims

No. 95-468C

(Filed: April 9, 2007)

| | |
|---|---|
| ****************************************** | * |
| | * |
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ****************************************** | * |

**ORDER**

Before the Court is Defendant's March 6, 2007 Motion to Dismiss Plaintiff's Takings Claim and Request for Expedited Consideration. Defendant asserts that Federal Circuit precedent bars Count V of Plaintiff's complaint alleging that the Federal Institutions Reform, Recovery, and Enforcement Act ("FIRREA") constituted a government taking. Defendant cites Castle v. United States, 301 F.3d 1328 (Fed. Cir. 2002) as precluding "recovery under a Fifth Amendment takings theory when a contract remedy is available." Deft.'s Brief at 2-3. Plaintiff counters that the Federal Circuit has yet to resolve the question of when a takings claim is no longer a viable alternative to a contract remedy. Pltf's Response at 2. Therefore, the "takings claim should persist until the Court makes a final determination of contract damages." Id. at 1.

The Federal Circuit in Castle unequivocally held that "the enactment of FIRREA effected no Fifth Amendment taking." 301 F.3d at 1337. Plaintiff's "cause of action therefore is in contract, not takings law." Granite Mgmt. Corp. v. United States, 55 Fed.Cl. 164, 167 (2003); see also LaVan v. United States, 382 F.3d 1351-52 (Fed. Cir. 2004); Fed. Deposit Ins. Corp. v. United States, 342 F.3d 1313, 1320 (Fed. Cir. 2003); Mola Dev. Corp. v. United States, 74 Fed. Cl. 528, 546-47 (2006). While the parties may not have anticipated

the extent of FIRREA reforms, "there is no doubt that some changes in the regulatory structure governing thrift capital reserves were both foreseeable and likely when these parties contracted with the Government[.]" United States v. Winstar Corp., 518 U.S. 839, 906 (1986). The question before the Court, therefore, is the extent to which the Government through FIRREA breached its contract with Plaintiff who "retained the full range of remedies associated with any contractual property right they possessed." Castle at 1342; see also Bailey v. United States, F.3d 1342,1347 (Fed. Cir. 2003) (explaining that there was no "regulatory taking because [the Plaintiff] . . . was not deprived of a contractual remedy for the government's breach"). These circumstances are clearly distinguishable from those in Systems Fuels, Inc. v. United States, 65 Fed. Cl. 163 (2005), which Plaintiff cites. In that case, the Government allegedly abrogated through regulation Plaintiff's contractual rights and compelled Plaintiff to use its own property to store the spent nuclear fuel the Government had promised to remove. Id. at 172.

For the reasons stated above, the Court finds that Plaintiff fails in Count V to state a claim upon which relief may be granted. Defendant's motion to dismiss Count V of Plaintiff's complaint is GRANTED.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge