IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 95-468C<br>(Judge Thomas C. Wheeler) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF STATUS OF ITS SEARCH FOR EVIDENCE, INCLUDING PLAINTIFF'S MOTION TO COMPEL**

On June 29, 2007 the Department of Justice filed a document reporting on its search for the TAPA Analysis said to have been done with respect to Fidelity New York, FSB.[1] The Department says it can find no evidence that such an analysis was ever performed. The Department's report makes it clear that the Department did not do all it was directed to do on June 6, 2007, and Plaintiff does not believe this report is sufficient to put this matter to rest.

The report states that "we" (presumably one of the Department of Justice lawyers working on this case) spoke directly to Angelo Vigna. However, the report indicates that the job of speaking to others who might have had relevant knowledge was delegated to an unnamed person or persons at the FDIC. The report says "the FDIC" had discussions with Simon Levy

1 The Department was ordered on June 6, 2007 to report within 30 days its progress in locating the Fidelity TAPA Analysis or cost test report. A copy of the portion of the June 6 hearing transcript dealing with this issue is attached as Exhibit 3. Also attached, for the Court's convenience, are Exhibit 1, the March 21, 1990 Letter (PX 2000), Exhibit 2, an excerpt from the May 25, 2007 transcript where the issue was first discussed and Exhibit 4, an excerpt from Mr. Dionne's testimony in the LISB case.

(the FDIC Supervisory Liquidation Specialist who prepared the LISB TAPA Analysis), Thomas Beshara (the FDIC Regional Director for Liquidation, to whom Mr. Levy sent the LISB TAPA Analysis), Steven Fritts (a name not familiar to the Plaintiff) and Daniel Dionne (the FDIC representative who testified in the LISB case that he believed TAPA analyses were done for all institutions on the list attached to the March 21, 1990 letter, which included Fidelity). No details of these interviews are given. There is merely a conclusory statement to the effect that the FDIC reported none of them is aware of a TAPA Analysis having been performed for Fidelity. There is no indication that these persons were even asked about a cost test report or about any other type of report which might contain a projected liquidation cost for Fidelity. There is similarly no indication that any of these individuals was confronted with the sworn testimony of Mr. Dionne that he believed such an analysis was done.

The Department's report makes no mention of any contact with Nicholas Ketcha, the FDIC Regional Director who sent the March 21, 1990 letter to Mr. Vigna and who received the LISB TAPA Analysis on April 17, 1990. The Department's report makes no mention of any contact with William H. Leatham, the FDIC Liquidation Specialist who passed the LISB TAPA Analysis along to Mr. Ketcha. The Department's report makes no mention of any contact with FDIC Regional Manager Joseph Palladino who is mentioned in the Memorandum forwarding the LISB TAPA Analysis and who is copied on the March 21, 1990 letter to Mr. Vigna. And, most significantly, the Department's report makes no effort to explain why Mr. Dionne now apparently contradicts his testimony under oath in the LISB case where he testified that he believed a TAPA Analysis was performed for Centereach (the institution at issue in LISB) "[b]ecause all those banks that were on the list – on this list that you showed me earlier would

have been – typically had a TAPA analysis." LISB Tr. 1996, line 24 to p. 1997, line 5 (copy attached as Exhibit 4) Fidelity is , of course, one of the institutions on the list that Mr. Dionne referred to. The Department's status report gives no assurance that the search the Department was directed to make was done thoroughly or aggressively. Indeed, it seems to suggest the opposite.

Plaintiff therefore moves the Court to issue an order compelling the Defendant to do the following:

1. On or before July 19, 2007, identify for the Plaintiff the FDIC person or persons who interviewed Messrs. Beshara, Levy, Fritts and Dionne and produce to Plaintiff all notes, memoranda or reports of such interviews;

2. Unless the information is disclosed in material produced pursuant to paragraph 1, on or before July 19, 2007 identify Steven Fritts and explain why he was interviewed in connection with this matter; and,

3. On or before July 26, 2007 produce, at mutually agreeable times and places, for deposition by Plaintiff the person or persons identified pursuant to paragraph 1, Nicholas Ketcha, William H. Leatham, Thomas Beshara, Steven Fritts, Daniel Dionne and Joseph Palladino, said depositions to be limited to the subject matter of the March 21, 1990 letter from Mr. Ketcha to Mr. Vigna (and Mr. Dionne's testimony about that letter in LISB), the LISB TAPA Analysis, the existence of TAPA analyses, cost test reports, or other reports containing projected liquidation costs for institutions listed on the attachment to the March 21, 1990 letter, and the

search within the FDIC for a Fidelity TAPA Analysis, call test report or other document projecting liquidation costs for Fidelity.

/s/ Frank J. Eisenhart
Frank J. Eisenhart
Counsel of Record
Catherine Botticelli
Tara R. Kelly
Dechert LLP
1775 I Street, NW
Washington, DC 20006

Attorneys for Plaintiff
Astoria Federal Savings and
Loan Association

July 12, 2007