# In the United States Court of Federal Claims

No. 95-468C

(Filed: July 17, 2007)

```
****************************************** *
                                           *
ASTORIA FEDERAL SAVINGS & LOAN             *
ASSOCIATION,                               *
                                           *
                   Plaintiff,              *
                                           *
 v.                                        *
                                           *
THE UNITED STATES,                         *
                                           *
                   Defendant.              *
                                           *
****************************************** *
```

ORDER

Near the end of the trial in this case, Plaintiff learned that a "TAPA" cost analysis may have been performed by the Federal Deposit Insurance Corporation ("FDIC") regarding Fidelity New York, FSB ("Fidelity"). In preparing for cross-examination of Defendant's final scheduled witness, Plaintiff had obtained a March 21, 1990 FDIC letter from another case suggesting that a TAPA analysis regarding Fidelity may exist. Plaintiff asserted that Defendant previously had not produced this document to Plaintiff. Persuaded of the potential relevance of a TAPA cost analysis, the Court requested Defendant to perform a search for any TAPA analysis of Fidelity to determine whether the analysis exists, and if so, whether it had been produced to Plaintiff during discovery. The Court held open the evidentiary record in this case to receive Defendant's further report regarding the TAPA analysis. The Court requested Defendant to submit such report within 30 days, on or before July 6, 2007. (June 6, 2007 Hearing, Tr. 5872-73).

Defendant submitted a report to the Court on June 29, 2007 describing the efforts it had undertaken to locate a TAPA cost analysis regarding Fidelity. According to Defendant, the Office of Thrift Supervision ("OTS") reviewed all boxes of documents in its custody that might contain a Fidelity TAPA analysis, but did not locate any such analysis. Defendant also contacted Mr. Angelo Vigna, a former OTS representative with knowledge of Fidelity, but he had no recollection of a TAPA analysis of Fidelity. Similarly, the FDIC reported that it had not located a TAPA analysis in any of its boxes that might have contained such an analysis if one existed. The FDIC also reported

on discussions with at least four agency representatives who may have had knowledge, but none of them was aware of any TAPA analysis for Fidelity.

On July 12, 2007, Plaintiff filed a response to Defendant's notice of status of its search for evidence, including a motion to compel discovery. Plaintiff wants Defendant to produce all notes, memoranda, and reports relating to interviews of FDIC personnel, and it wants to take depositions of seven named individuals, relating to the possible existence of a TAPA analysis of Fidelity. Plaintiff is not convinced of the thoroughness of Defendant's search, and wishes to explore for itself the nature of the search conducted, and whether a TAPA analysis for Fidelity may exist.

After carefully considering the parties' positions, the Court is satisfied that Defendant has conducted a reasonable search for a TAPA analysis on Fidelity, and that no useful purpose would be achieved by expending further resources on this issue, particularly after the trial has concluded. Of significance to the Court is the fact that, of the many stones turned over by Defendant, none of them produced any evidence that such a TAPA analysis exists. Moreover, the existence or non-existence of the TAPA analysis could have been pursued at a much earlier time during discovery. Accordingly, the Court will accept Defendant's status report. Plaintiff's motion to compel discovery is DENIED.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge