# In the United States Court of Federal Claims

No. 95-468C

(Filed: October 11, 2007)

******************************************* *
*
ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
******************************************* *

ORDER

As mutually agreed with counsel for the parties, the Court will hear closing arguments on Friday, November 2, 2007 at 2:00 PM at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. Each party shall be permitted 90 minutes for argument. Counsel may organize their presentations as they wish, and may utilize more than one attorney to address different aspects or issues if desired. No further evidence may be offered during argument, but counsel may employ demonstrative graphics or summaries if deemed helpful. In addition, counsel are invited to address the following issues during the argument:[1]

1. Of the damages theories offered in Winstar cases, which theories have been the most widely approved, and which have been the most widely criticized, in decisions from the Federal Circuit? If you were to identify two or three precedents that best support your position in this case, which would they be, and why? What precedents are the closest factually to this case?

---

[1] If a party's response to any question is addressed adequately in one of the post-trial briefs, it is sufficient simply to cite to the Court the portion of the brief relied upon.

2. What has been the "track record" in other Winstar cases of the expert witnesses who testified in this case? Have the specific expert theories advanced in this case been accepted or rejected in other cases?

3. With respect to the allegedly questionable real estate loans of Fidelity that Defendant relies upon to deny any damages, did the federal regulating entities know of these loans, or should they have known, at the time they approved Fidelity's acquisition of Suburbia?

4. What weight should the Court give to the various bank ratings (1– 5) employed by the federal regulating entities? Has this question been addressed in other cases? What was Fidelity's rating when the federal regulators approved Fidelity's acquisition of Suburbia, and how did the ratings change (other than due to FIRREA) thereafter?

5. If the Court were to award lost profits damages to Plaintiff, what is the most appropriate date to begin the calculation of damages? Is there any precedent for awarding damages prior to January 1, 1990, the effective date of FIRREA?

6. What is the most appropriate end date for a lost profits calculation in favor of Plaintiff? Did Fidelity's conversion to a stock institution in May 1993 fully mitigate the breach of contract caused by FIRREA? Is there any basis to extend a lost profits calculation beyond Fidelity's merger with Astoria in January 1995?

7. Recognizing that a lost profits calculation is an estimate of what profits would have been absent Defendant's breach, is Plaintiff's calculation a reasonable estimate? What is Plaintiff's burden in this regard?

8. Given that Astoria acquired Fidelity for fair market value in January 1995, and that any damages awarded by the Court would go to Astoria, what damages, if any, did Astoria suffer due to FIRREA? If the Court finds that Fidelity suffered damages from FIRREA, but that Astoria did not, must the Court still award Fidelity's damages to Astoria? Is there any case law guidance on this question?

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge